### John T. Shayne v. Mattie G. Krebs.

1. VERDICTS—*When They Will Not be Set Aside.*—If the evidence on the side of the successful party is sufficient to sustain the verdict, it will not be set aside on the ground that it is contrary to the evidence.

2. RECEIPT—*When Evidence of Value.*—When the value of goods left in storage is stated in a receipt, and insurance effected on them for the amount of such statement, and upon which it may be presumed the charges were based, such statement is evidence of such value, and by some authorities it is conclusive.

Shayne v. Krebs.

**Memorandum.**—Trover. In the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Declaration and plea of the general issue; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed October 22, 1894.

Appellant's Brief, Leroy D. Thoman, Attorney.

In an action in trover, the plaintiff will be confined to compensation commensurate with the actual injury. 3 Sutherland on Damages, 527; Cook v. Loomis, 26 Conn. 483; Chamberlain v. Shaw, 18 Pick. (Mass.) 278.

Where the damages are so excessive as to show that the jury has been actuated by passion or prejudice, the verdict should be set aside. Peoria Bridge Ass'n v. Loomis, 20 Ill. 235; Walker v. Martin, 43 Ill. 508; Walker v. Martin, 52 Ill. 347; Lockwood v. Onion, 56 Ill. 506; Gravett v. Mugge, 89 Ill. 218.

The plaintiff was entitled to recover the fair cash market value of the garment, and no more; and market value is such a price as the vendor could have obtained after ample time taken to effect a sale. Railway v. Woodruff, 5. S. W. Rep. 792; Evart v. The Union Pac. Railroad Co., 59 Iowa 243; Esch v. C., N. & St. P. Ry. Co., 39 N. W. Rep. 129; Low v. R. R. Co., 3 Atl. Rep. 739.

A. W. Pulver, attorney for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The original transaction between these parties is shown by this receipt:

" No. 1,364.                    Chicago, May 11, 1891.

Received from Mrs. J. H. Krebs, 812 Pullman Bldg., the following described furs, which we insure against all loss by moth, theft or fire.

One seal new-market. Value $300. Charges $9.

J. T. Shayne & Co.,

Donovan.

Terms of Insurance and Storage.—The merchandise herein described will be delivered to bearer of this receipt only on proper identification. No part of goods will be

delivered separately. All storage and insurance policies expire on November 1, at 12 o'clock, noon, and our responsibility ceases from November 1, next, from date of this receipt.

If repairs and alterations are needed, please notify us when goods are placed in storage.

JOHN T. SHAYNE & Co."

A "seal new-market" seems to be a fur coat. When she went for it, it could not be found; and she sued and has recovered $300. On her side was the value stated in the receipt, and her testimony that the coat was worth $400, and that when she left it for storage, the agent of the appellant receiving it said it was worth $400, but he could only insure it for $300. On the appellant's side was his own testimony and another fur dealer's that the coat was only worth $50.

The only complaint is that the verdict was too much. The rule, often announced, that if the evidence on the side of the successful party is sufficient to sustain the verdict it will not be set aside because of the contrary evidence (Shevalier v. Seager, 121 Ill. 564), is not literally adhered to, when the counter evidence is overwhelming. North Chi. St. Ry. v. Loth, 44 Ill. App. 78.

It is quite likely that the appellant and his witnesses were better judges of value than was the appellee, but the interest of the appellant was equal to hers, and his witness had had some trouble with her or her husband. The jury is the judge of credibility of witnesses. Clevenger v. Curry, 81 Ill. 432.

And the value stated in the receipt, when no controversy existed, and on which it may well be presumed that the charges were in part based, was evidence. May on Insurance, Sec. 31; 1 Arnold on Insurance, Ch. XI, Sec. 2; 14 Am. & Eng. Ency. of Law, 337.

In Maguire v. Dutton, 54 N. J. Law, 597, cited by appellant, the value was stated in a paper to which the defendant was no party. It might well be urged upon the authorities cited that the value stated in the receipt is conclusive, this contract being for insurance, as well as storage. The judgment is affirmed.