In Dagg v. Hammons, 34 Ariz. 445, 272 P. 643, an action by the receiver against the stockholders *Page 508 
of the Bank of Winslow, an insolvent, to enforce their statutory double liability, we held the action was prematurely brought because there had been no judicial determination of the excess of the liabilities over the assets of the insolvent, or, in other words, the amount of insolvency.
The present proceeding is one to secure such determination, with the obvious purpose thereafter of enforcing by proper action the stockholders' liability. It was instituted by petition entitled as an action by the receiver against the stockholders, and the proceedings thereunder took the form of a regular trial. Appellant stockholders filed a demurrer to the petition for insufficient facts. The demurrer was overruled, and after a hearing the court determined that the bank's liabilities exceeded its assets, exclusive of the stockholders' liability, in the sum of $400,000 or more, and directed the receiver to enforce such liability for the benefit of the depositors and other creditors of the insolvent bank.
The overruling of the demurrer is assigned as error. Instead of the petition as filed, a motion entitled In the Matter of the Liquidation of the Bank of Winslow, and filed in that proceeding, for an order determining the extent of the insolvency, or the excess of liabilities over assets, would have been the proper proceeding. While under our decisions, Cowden v. Williams,32 Ariz. 407, 55 A.L.R. 1059, 259 P. 670, and Dagg v. Hammons,supra, such a determination is necessary, the method of obtaining it is more or less informal and in most cases, we daresay, can be arrived at from the reports of the receiver showing the assets and liabilities.
In the Dagg case we said the determination may be made at the request of the receiver, or a creditor, or a stockholder, and that it is not necessary that the exact amount of the deficit be ascertained; that it *Page 509 
is sufficient if it shall appear that the assessment asked of the stockholders is necessary to care for a deficiency of the assets.
In the Cowden case we held that the stockholders' liability was secondary, and, that being true, the stockholders could not be called upon for an assessment until it appeared the bank's assets were insufficient to discharge its liabilities, and then only for their proportionate part of the deficiency.
There must, therefore, be a deficiency of assets before there is a stockholders' liability, and some time during the proceedings a determination of that fact by the court and, when that determination is made, it fixes a liability and starts the running of the statute of limitations, and from that time the right of action accrues.
While the course pursued by the receiver was more formal than was necessary, it certainly accomplished the purpose, and we cannot see that appellants have been in the least aggrieved.
The judgment is affirmed.
LOCKWOOD, C.J., and McALISTER, J., concur.