W. J. McClaren *et al v.* J. Howard Anderson *et al.*

(No. C.C. 444)

Submitted April 14, 1931. Decided April 21, 1931.

*Joseph M. Sanders,* for plaintiffs.
*Strother, Sale, Curd & St. Clair,* for defendants.

HATCHER, JUDGE:

This is a certified case in which the sufficiency of the bill is challenged by the demurrer of defendant J. H. Anderson alone. The bill contains the following allegations: The defendant Anderson purchased 35 shares of stock in the Merchants and Miners Bank of Welch during the year 1924, all of which stock he owned at the institution of this suit; because of obligations incurred by the bank subsequent to the year 1924 it was found to be insolvent by the State Banking Commissioner on May 1, 1927; representatives of the bank negotiated a contract with the McDowell County National Bank on May 16, 1927, whereby in consideration of the conveyance of all the assets of the Merchants Bank and the delivery of several bonds of certain stockholders of the Merchants Bank, the McDowell Bank agreed to pay all of the indebtedness of the Merchants Bank (except $45,000 due State Planters Bank & Trust Company secured by a first mortgage on its banking house), to make no profit out of the transaction, and to return to the makers of the bonds any excess collected from them above the indebtedness of the Merchants Bank; all such indebtedness (except the $45,000) was paid by the McDowell Bank, which was unable to collect

on some of the bonds furnished it under the contract, and expended $20,000 of its own funds in satisfying the creditors of the Merchants Bank; the personal defendants own stock in the Merchants Bank aggregating about $14,000 par value, and none of them have ever contributed anything toward payment of the bank's indebtedness; and the McDowell Bank assigned to the plaintiffs all the rights it had against the personal defendants on account of and for the purpose of enforcing against them their "statutory double liability." The demurrer to the bill was overruled.

The constitution as well as section 78a, chapter 54, Code 1923, makes the stockholders of a bank (authorized by the laws of this State) "personally liable to the creditors thereof over and above the amount of stock held by them, respectively, to an amount equal to their respective shares so held for all its liabilities accruing while they are such stockholders." Constitution, Article 11, section 6. This liability to creditors is direct, and the right of creditors to enforce personally the liability is not abridged by the statutory provision (Code 1923, chapter 54, section 81a) that the Banking Commissioner may enforce this so-called "double liability." The contract between the banks of May 16, 1927, stipulating that the McDowell Bank should make no profit, was in essence an assignment to the McDowell Bank for the benefit of the creditors of the Merchants Bank. The McDowell Bank paid out of its own funds $20,000 to these creditors. As this payment was made at the instance of the debtor (the Merchants Bank) it cannot be regarded as the act of a volunteer. Therefore, the McDowell Bank was subrogated to any rights which the creditors of the Merchants Bank (who were paid out of the McDowell Bank's own funds) had against the stockholders of the Merchants Bank. See generally on the modern doctrine of subrogation, *Huggins* v. *Fitzpatrick,* 102 W. Va. 224, 228, and *Yokum* v. *Yokum,* recently decided by this Court. These creditors had the right (under the Constitution) to proceed directly against the stockholders, and consequently the McDowell Bank acquired (by subrogation) the same right. The general rule is that all choses in action may be assigned, which would survive to a personal repre-

sentative. 5 C. J., pp. 850 and 884; 2 R. C. L. 595; *McConaughey & Co.* v. *Bennett*, 50 W. Va. 172, 186. This constitutional right of a creditor would so survive and no reason is advanced which affects the legality of the assignment of this right by the McDowell Bank to the plaintiffs. Consequently it is clear that the plaintiffs have the same right which the creditors of the Merchants Bank had to demand enforcement of the double liability of the stockholders of the latter.

The State Planters Bank & Trust Company would also have this right, in case its claim against the Merchants Bank has not been satisfied. There is no allegation of such satisfaction in the bill, and the State Bank is not made a party. The bill is demurrable because of these omissions. The decree of the circuit court is accordingly reversed, the demurrer sustained, and the cause remanded with the right to amend the bill.

*Decree reversed; demurrer sustained; cause remanded.*