C. E. LAWHEAD, *Receiver v.* C. F. EDWARDS *et al.*

(No. 7677)

Submitted February 6, 1934. Decided February 13, 1934.

*Scott, Graham & Wiswell,* for appellant.
*Philip P. Gibson,* for appellee.

LITZ, JUDGE:

This is a suit by the receiver of an insolvent bank to recover the assessment of double liability against stockholders, imposed by section 6, Article XI of the Constitution and section 32, article 8, chapter 31, Code 1931. C. F. Edwards, named with his children, James Frederick Edwards and Helen Edwards Bradley, as a defendant to the bill, appeals from a judgment against him in favor of plaintiff for $12,391.25.

February 11, 1931, the commissioner of banking, upon ascertaining that the Guyandotte Bank, a state banking institution of Guyandotte, Cabell County, was insolvent, appointed John J. Nash as temporary receiver thereof and laid an assessment of 100% against the stockholders. Thereafter, on the same date, a written agreement was entered into, with the approval of the commissioner of banking, between the Guyandotte Bank, party of the first part, Huntington Clearing House Association, a voluntary association, composed of the various banks of Huntington, party of the second part, and Twentieth Street Bank of Huntington, party of the third part, whereby the clearing house association assumed the liabilities of the Guyandotte Bank and the Guyandotte Bank transferred and assigned to the Huntington Clearing House Association all of its assets and, pursuant to the contract, executed and delivered to the clearing house association its note for $100,-000 to secure the association in the payment of the difference between the value of the assets upon liquidation, including costs of administration by the Twentieth Street Bank as liquidating agent, and the liabilities of Guyandotte Bank. At the time of the agreement, stock in Guyandotte Bank stood on its books in the names of defendants as follows: C. F. Edwards

2 shares; James Frederick Edwards 113 shares; Helen Edwards Bradley (as Helen Hope Edwards) 5 shares; all of which the bill alleged to be the property of C. F. Edwards.

Lawhead was appointed receiver of Guyandotte Bank August 7, 1931, and instituted this suit December 21, 1931. In his answer to the bill, C. F. Edwards denied ownership of the stock standing in the names of his children; and averred in the answer and by special plea that the receiver, because of said agreement and the liquidation of the bank thereunder, could not maintain the suit. A demurrer to the plea was overruled. The evidence shows that the clearing house association has paid the debts, assumed by it, of Guyandotte Bank but that the assets of the bank are not fully liquidated. It does not, therefore, appear what will be the difference between the liabilities of Guyandotte Bank, assumed by the clearing house association, and the assets after payment of liquidation costs. Appellant now insists that plaintiff is without authority to maintain this suit. In a similar case brought by Lawhead, this Court held, upon certificate to the ruling of the circuit court of Cabell County on a special plea, that his appointment as receiver after the agreement in question, under which the bank was being liquidated, did not authorize him to institute suits against the stockholders of the bank upon an assessment by the commissioner of banking. *Lawhead, Receiver* v. *Adams,* 113 W. Va. 604, 169 S. E. 330. Counsel for plaintiff argues that this case is not controlled by the ruling in the *Adams* case because of the difference between the special pleas in the two cases. This contention is without merit, as the only difference between the pleas is that the plea in the *Adams* case set up the contract and averred that it was being carried out while the plea in this case makes the additional averment that the contract has been fulfilled by the clearing house association and the liquidating agent to the extent of paying the debts of Guyandotte Bank. As pointed out in the *Adams* case, the clearing house association is not without remedy.

The decree of the circuit court is reversed and the cause dismissed.

*Reversed and dismissed.*