**FIDELITY STORAGE CO. v. KINGSBURY.**

No. 6275.

United States Court of Appeals for the District of Columbia.

Argued Jan. 15, 1935.

Decided Feb. 25, 1935.

C. H. Merillat, of Washington, D. C., for appellant.

James C. Wilkes and James E. Artis, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

**VAN ORSDEL, Associate Justice.**

The United States Vending Machine Corporation, of Warrensburg, Mo., stored with the appellant company twenty packages, each containing a vending machine. The valuation placed upon the packages when they were stored was $50 each. The storage company gave a nonnegotiable warehouse receipt, which, among other things, provided: "All dues must be paid before delivery or transfer of goods, and no transfer will be recognized unless entered on the books of the warehouse."

Later appellee Kingsbury notified the vice president and general manager of the storage company that the warehouse receipt had been assigned to him, and that he was the owner of the goods, with a request that the goods be held for him. The transfer of ownership was not, however, entered on the books of the company. Thereafter, the United States Vending Company paid the storage charges on the goods, and the goods were shipped to it by the storage company to Warrensburg, Mo. This suit was brought by appellee to recover the value of the goods. The case was tried to a jury and a verdict returned in the sum of $1,375. From the judgment, this appeal was taken.

We find it unnecessary to review at length the evidence adduced in the case by the respective parties, since it is amply sufficient to sustain the verdict of the jury. Nor is it necessary to dwell upon the contention of counsel for appellant that appellee acquired no property interest in the goods, binding upon the appellant company, through the assignment of the nonnegotiable warehouse receipt. Title 27, § 66 of the D. C. Code provides, among other things: "If the receipt is nonnegotiable, such person also acquires the right to notify the warehouseman of the transfer to him of such receipt, and thereby to acquire the direct obligation of the warehouseman to hold possession of the goods for him according to the terms of the receipt."

It is insisted by counsel for appellant that, according to the by-laws of the storage company, the vice president and general manager had no power to bind the company, hence any notice that he may have had of the transfer of the warehouse receipt is not effective against the company. We are not impressed with this contention, since it was the duty of the officer, when informed of the assignment of the receipt, to have it properly entered upon their books. This requirement was for the protection of the company, hence it cannot avoid liability for the neglect of one of its officers. Had the transfer been properly entered on the books, it would have been notice to everybody connected with the company, and probably have avoided the shipment of the goods to the vending machine corporation. The mistake of the delivery of the goods and shipment is therefore the mistake of the storage company, and they cannot defend upon the nonnegotiable character of the warehouse receipt, or the failure of the appellee to have the assignment duly recorded upon the books of the company.

Appellee, as the assignee of the receipt, complied with the requirements of the statute by notifying the vice president and general manager of the storage company that he was the holder of the receipt and the owner of the goods. "The officers of a corporation are its agents, and if they act within their actual authority, or even within the apparent scope thereof, the corporation will be bound; the by-laws which ordinarily prescribe corporate methods are private regulations as to the outside world. Rathbun v. Snow, 123 N. Y. [343] 349, 25 N. E. 379, 10 L. R. A. 355." Bijur Motor Lighting Co. v. Eclipse Mach. Co. (C. C. A.) 243 F. 600, 604.

980

The verdict of the jury was for an amount in excess of the value placed upon the goods by the owner when they were delivered to the storage company and the warehouse receipt taken. They were valued at $50 per package, or $1,000 for the total amount of the goods. There is no showing that the delivery and shipment of the goods to the vending company was a fraudulent act on the part of the storage company, or its officers, which would justify a change of the valuation placed upon the goods, and accordingly the obligation assumed by the storage company. It is well settled that a bailee may limit his liability for goods deposited with him, except for gross negligence, willful act, or fraud. Interstate Compress Co. v. Agnew (C. C. A.) 255 F. 508. Inasmuch as there was no conversion of the goods, or act of negligence on the part of the storage company that would operate to change its limit of liability, we think it was error to sustain a verdict in excess of the valuation placed upon the goods of $1,000.

The judgment will therefore be modified in accordance with the opinion of this court, and, as so modified, affirmed, with costs.