### HARPER v. MORAN.
#### No. 6329.

United States Court of Appeals for the District of Columbia.

Argued Feb. 6, 7, 1935.

Decided March 4, 1935.

Rehearing Denied March 25, 1935.

Reconsideration of Petition for Rehearing Denied April 1, 1935.

Milton D. Campbell, William E. Richardson, Ralph P. Barnard, W. W. Millan, and E. Hilton Jackson, all of Washington, D. C., for appellant.

John Philip Hill and Francis W. Hill, Jr., both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

GRONER, Associate Justice.

Appellee is the receiver of the North Capital Savings Bank, duly appointed in that capacity by the Comptroller of the Cur-

rency. The bank is an Arizona corporation. Its charter provides that its principal place of business shall be in the city of Washington, District of Columbia. It maintained a banking house in Washington and conducted a banking business there and nowhere else. Appellant is a stockholder owning and holding 200 shares of the capital stock of the bank. Article 14, § 11, of the Constitution of Arizona provides: "The shareholders or stockholders of every banking or insurance corporation or association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporation or association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares or stock."

In Fredericks v. Hammons, 33 Ariz. 310, 264 P. 687, the Supreme Court of Arizona held that this constitutional provision is self-executing.

On July 14, 1932, the Comptroller of the Currency determined that the bank was insolvent and unable to pay its debts, and immediately took possession of the bank and appointed John S. Bryan as receiver, who, having qualified, thereafter instituted this suit against appellant to recover on account of a stock assessment duly made by the Comptroller. Appellant's demurrer to the declaration was overruled, and appellant then filed four pleas, to which the receiver in turn demurred, and, when the demurrer was sustained, appellant elected to stand upon his pleas. Judgment was then entered against him and this appeal taken.[1]

In a recent case in all respects like this and involving, likewise, an Arizona banking corporation doing business exclusively in the District of Columbia, we held the stockholder liable upon a stock assessment made by the Comptroller. Washington Loan & Trust Co. v. Allman, Receiver, 63 App. D. C. 116, 70 F.(2d) 282, 283, certiorari denied, 292 U. S. 649, 54 S. Ct. 859, 78 L. Ed. 1499. We are told, however, that the decisive question raised here was not raised or considered there and hence that case is not, as the trial court thought, controlling in this. The point stressed here is that under the Arizona statute, as construed by the highest court of that state, there is no obligation upon a stockholder

to pay anything until the precise amount he is liable to pay under the double liability clause of the Arizona constitution has been determined by a court of competent jurisdiction; and that this is a correct statement of the Arizona law seems to be fairly well established by the decisions of its Supreme Court in Cowden v. Williams, 32 Ariz. 407, 259 P. 670, 55 A. L. R. 1059; Dagg v. Hammons, 34 Ariz. 445, 272 P. 643, 72 A. L. R. 1237, and In re Bank of Winslow, 36 Ariz. 507, 287 P. 444. Based on this, it is insisted we are governed by the law of Arizona as interpreted by the courts of that state. In other words, that no action can be maintained in the District of Columbia by a receiver appointed by the Comptroller to enforce a right of action for stockholder's liability of an Arizona banking corporation, unless the amount is first determined in a proper proceeding for that purpose.

Hence, it is contended the determination of the Comptroller does not, under the Arizona laws, constitute a judicial ascertainment of the extent of insolvency or the pro rata amount due by appellant.

On the other hand, appellee insists that the decision of the Comptroller, that the assessment is necessary, is conclusive.

The answer, as we think, turns upon the provisions of the District of Columbia laws. When the bank obtained a charter of incorporation in Arizona for the express purpose of doing business exclusively in the District of Columbia, it contracted with reference to the laws of the District, and this is true, as well, as to the contracts of the stockholders between themselves. This, as we think, is the rule laid down by the Supreme Court in Pinney v. Nelson, 183 U. S. 144, 22 S. Ct. 52, 55, 46 L. Ed. 125. That was an action to enforce personal liability of stockholders of a Colorado corporation. The charter provided that the principal plant and principal operations of the company should be in California, and there it was insisted that, since under the law of Colorado there was no personal liability of stockholders, the law of California which did create such personal liability was ineffective to impose it. The Supreme Court, answering this contention, said: "When a corporation is formed in one state, and by the express terms of its charter it is created for doing business in an-

[1] Bryan having resigned as receiver, Moran was appointed and qualified as receiver in his place, and on motion was substituted as appellee.

other state, and business is done in that state, it must be assumed that the charter contract was made with reference to its laws; and the liabilities which those laws impose will attend the transaction of such business."

In the later case of Thomas v. Matthiessen, 232 U. S. 221, 34 S. Ct. 312, 58 L. Ed. 577, the rule in Pinney v. Nelson was approved, and that, too, in spite of a law of the state of incorporation that the stockholder should not be personally liable for the debts of the corporation.

■ In this view we must have recourse to the statutes of the District of Columbia to determine the extent of the liability assumed by the stockholders of the bank when, in accordance with the purpose of its incorporation, it established itself in the District of Columbia and exclusively conducted its business there.

Title 5, § 298, D. C. Code 1929, provides: "All * * * banking institutions, organized under authority of any act of Congress to do business in the District of Columbia, or organized by virtue of the laws of any of the States of this Union, and having an office or banking house located within the District of Columbia where deposits or savings are received, shall be, and are hereby, required to make to the Comptroller of the Currency and to publish all the reports which national banking associations are required to make and publish under the provisions of sections 5211, 5212, and 5213 of the Revised Statutes of the United States, and shall be subject to the same penalties. * * * And the Comptroller shall have power, when in his opinion it is necessary, to take possession of any such bank or company, for the reasons and in the manner and to the same extent as are provided in the laws of the United States with respect to national banks. * * *"

In Washington Loan & Trust Co. v. Allman, Receiver, supra, referring to this paragraph, we said: "This provision in plain language gives authority to the Comptroller 'to take possession' of any bank having a banking house in the District of Columbia, whenever in his opinion it is necessary 'to the same extent' as if it were a national bank, and this authority (Act June 30, 1876, c. 156, § 1 and Rev. St. § 5234, 12 USCA §§ 191, 192) of the Comptroller in the case of national banks applies in every case in which he is satisfied of the insolvency of the bank. In such case he may appoint a receiver, and the person so appointed by the express terms of the law (Rev. St. § 5234, 12 USCA § 192) may enforce the individual liability of the stockholders."

The language of the District statute (section 298, title 5, D. C. Code 1929) specifically clothed the Comptroller with all the power which the laws of the United States gave him in relation to insolvent national banks. He is authorized to take charge of an insolvent bank engaged in business in the District of Columbia—wherever incorporated—"in the manner and to the same extent" as if the bank were a national institution. The words "to the same extent" meaning to the full extent. In short, as we think, the provision in question is notice to every banking organization incorporated under the laws of one of the states that, in coming into the District of Columbia to do business, it submits itself to the supervision and control, both in operation and in insolvency, of the Comptroller to the same extent as if it were a national bank; and if this is true, it seems to us to follow that if, under the federal statutes, the determination of the Comptroller that an assessment is necessary is conclusive, as it is (Kennedy v. Gibson, 8 Wall. 498, 19 L. Ed. 476), the question is thereby foreclosed notwithstanding a contrary statute or ruling in the state of incorporation. If we are correct in this, nothing more need be added, for it has been definitely determined that when the Comptroller of the Currency appoints a receiver for a defaulting or insolvent national bank he may also call for a ratable assessment upon the stockholders, without a previous judicial ascertainment of the necessity of the appointment of a receiver or of the existence of the liabilities of the bank. Bushnell v. Leland, 164 U. S. 684, 17 S. Ct. 209, 41 L. Ed. 598; In re Chetwood, 165 U. S. 443, 17 S. Ct. 385, 41 L. Ed. 782.

■ Nor is there anything in the point that it was incumbent on the receiver to allege in the declaration that in his judgment the assets of the bank were insufficient to pay the liabilities. The receiver is the mere instrument of the Comptroller, and the declaration of the Comptroller, rather than the receiver, is the essential factor in determining the necessity for the assessment. Here the Comptroller has made the decision, and his conclusion is not subject to attack or open to review except for fraud. Kennedy v. Gibson, supra; Na-

tional Bank v. Kennedy, 17 Wall. 19, 21, 21 L. Ed. 554; Liberty Bank v. McIntosh (C. C. A.) 16 F.(2d) 906.

The judgment below is clearly right and is affirmed.

Affirmed.