BANK OF MARLINTON, *A Corporation;* v. F. P. KING, *Executor, etc., et al.*

(CC 526)

Submitted May 1, 1935. Decided May 14, 1935.

260

A. P. *Edgar,* for plaintiff.
S. P. *Bell* and P. T. *Ward,* for defendants.

MAXWELL, JUDGE:

On this certification, there is involved the action of the circuit court of Pocahontas County in overruling the plaintiff's demurrer to the cross-bill.

With the approval of the state banking commissioner, the plaintiff, Bank of Marlinton, by contract of February 19, 1931, between it and the Bank of Hillsboro, took over the assets (stockholders' liability included) and assumed the liabilities of the latter bank, insolvent and closed.

The assets, other than liabilities of stockholders and officials, being insufficient to discharge the indebtedness, the plaintiff instituted this suit to enforce payment of the "double liability" imposed by law on bank stockholders. Constitution, Article XI, Section 6; Code, 31-8-32. An assessment of one hundred per centum of stock liability was laid by the banking commissioner after the Bank of Hillsboro closed its doors but before the execution of the contract mentioned. Some of the stockholders, not here involved, paid the demand.

Certain of the defendants to the original bill filed the cross-bill on behalf of themselves and all other stockholders and the creditors of the Bank of Hillsboro. They assert that the officers and directors of the defunct bank are indebted to it on account of losses incurred through their malfeasance. The prayer of the cross-bill is that the principal suit be stayed until the alleged liabilities of the officials be reduced to cash and applied on the insolvent bank's indebtedness, thereby re-

ducing the liability of the stockholders who have not already responded to the assessment.

In support of their position, the cross-bill plaintiffs rely mainly on the cases of *Benedum* v. *Citizens Bank,* 72 W. Va. 124, 78 S. E. 656, and *Clark* v. *Bank of Union,* 72 W. Va. 491, 78 S. E. 785, wherein it is held that the liability of bank officials for misconduct in office is an asset of a liquidating bank, and that the extent of their liability should be ascertained before enforcing payment by the stockholders of any portion of their double liability. Those decisions, based on the then existing statute, are not authoritative on the latter point since the reenactment of the banking law in 1929. Under the present statute, Acts 1929, chapter 23, section 32, (Code 1931, 31-8-32) it is provided that the receiver of an insolvent bank appointed by the state banking commissioner shall, at the direction of the commissioner, proceed at once to enforce the liability of the stockholders of such bank, without waiting to collect and apply other assets.

The matter of initial enforcement of stockholders' liability in liquidating the affairs of an insolvent bank was considered in the case of *Tabler* v. *Higginbotham,* 110 W. Va. 9, 156 S. E. 751. These excerpts are from the opinion therein: "The statute provides in terms that without waiting to administer the assets, or delaying for any other cause, the receiver shall collect from the several stockholders their liabilities in one suit or in separate suits. * * * The collection of this fund is not to await the administration of other assets; and delay in its collection is not countenanced 'for any other cause.' * * * The statute affords a quicker and more efficacious remedy than heretofore by which the liability may be enforced." The pronouncements of that case were approved in *Lawhead* v. *Davis,* 112 W. Va. 13, 163 S. E. 629. The present statute seems to leave no room for doubt that stockholders of insolvent banking institutions must pay their assessments without waiting for ascertainment of other assets. If there be a surplus above indebtedness, refund will be made to the stockholders.

Under the contractual arrangement between the plaintiff and the defunct bank, the plaintiff is entitled to the benefit of all assets of the latter institution, inclusive of moneys to be

paid by stockholders under their constitutional liability. ''One who at the instance of an insolvent bank pays its creditors, is subrogated to the rights of the creditors to enforce the liability of the bank's stockholders under Constitution, Article XI, section 6.'' *McClaren* v. *Anderson,* 110 W. Va. 380, 158 S. E. 379. Consult *Lawhead* v. *Adams,* 113 W. Va. 604, 169 S. E. 330; *Lawhead* v. *Edwards,* 114 W. Va. 597, 172 S. E. 895.

It follows that the plaintiffs in the cross-bill have no right to demand that alleged liabilities of the officials of the Bank of Hillsboro be determined prior to payment by said plaintiffs of their assessment liabilities, respectively. The demurrer to the cross-bill should have been sustained. There will be a decree here accordingly and the cause remanded.

*Reversed and remanded.*