## HAMILTON v. BERGLING.
### No. 6641.

United States Court of Appeals for the District of Columbia.

Argued May 4, 1936.

Decided May 25, 1936.

Motion for Construction and Modification Denied June 15, 1936.

Brice Clagett and Charles E. Wainwright, both of Washington, D. C., for appellant.

William E. Richardson and E. Hilton Jackson, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice and VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, Associate Justice.

Seventh Street Savings Bank was organized in 1912 under the laws of the state of West Virginia. It thereafter conducted a banking business exclusively in the District of Columbia. In December, 1933, the Comptroller of the Currency determined that the bank was insolvent and unable to pay its debts and appointed Hamilton as re-

ceiver of the bank. This action was brought by Hamilton against Ida L. Bergling (appellee), as the owner of 20 shares of stock, to recover $2,000, with interest and costs, which amount was claimed to be due by reason of a 100 per cent. assessment levied by the Comptroller of the Currency on July 5, 1934, against the stockholders of the bank. The declaration is in two counts. The liability in the first is asserted under section 298, Title 5, of the 1929 Code of the District of Columbia, and Rev.St. § 5151 (12 U.S.C.A. § 63); in the second count, under the Constitution and laws of the state of West Virginia. The lower court sustained a demurrer to the first count on the strength of our decision in Hamilton v. Offutt, 64 App.D.C. 385, 78 F.(2d) 735. The stockholder thereupon filed a special plea to the second count as follows: "And for further plea to said declaration, this defendant denies that the Comptroller of the Treasury, as alleged in the second count of the plaintiff's declaration, or at any other time or place or in any other manner, made an assessment upon the defendant as a shareholder of the Seventh Street Savings Bank of any liability for or on account of liabilities accruing during the period she was such stockholder." The receiver's demurrer to this plea was overruled and, upon petition to us and the representation that this is a test case in which the decision will control a number of other pending cases, we granted a special appeal.

The single question involved is: Was it necessary for the receiver to prove that the debts and liabilities of the bank, on account of which the stock assessment was levied, accrued during the period of stock ownership, before enforcing the assessment liability against the stockholder?

The stockholder admits that the Comptroller had a right to adjudge the bank insolvent and to close it and has a right to liquidate it and collect its assets, including stockholders' liability. She asserts, however, that he has no right to impose or collect a liability in excess of that authorized by the West Virginia law, and that her liability in this respect is a question of fact on which she is entitled to a trial.

On the other hand, the receiver insists that the stockholder is liable for the full amount of the assessment without apportionment among prior stockholders and without prior judicial determination of the amount of the liability.

In Washington Loan & Trust Co. v. Allman, 63 App.D.C. 1116, 70 F.(2d) 282, we said that section 298, Title 5, of the 1929 Code of the District of Columbia, authorized the Comptroller of the Currency to appoint receivers for insolvent foreign banking corporations doing business in the District of Columbia and that such receivers were entitled to enforce stockholders' double liability imposed by the constitution or laws of the state of the bank's incorporation. And in Harper v. Moran, 64 App.D.C. 210, 76 F.(2d) 980, we held, in the case of a similar insolvent bank, that the determination of the Comptroller as to the necessity for the assessment was conclusive and that his receiver could recover the full amount of the assessment without prior judicial determination of the extent of insolvency or the pro rata amount due by the stockholder—even though such judicial determination is required by the law of the state of incorporation. In short, that in such a case we could not review the conclusion of the Comptroller except for fraud.

Following the two cases to which we have referred, we decided Hamilton v. Offutt, supra. That was the case of a bank incorporated in Virginia, doing a banking business in the District of Columbia. The bank in that case, as in this, did business nowhere else. But neither by the Constitution or laws of Virginia is there any double liability on the holders of shares of stock in banks incorporated in that state. In that respect the case differed from the two we have mentioned, and on this ground we held the assessment invalid. We said in that case, as to section 298, Title 5, of the District of Columbia Code, that under its provisions the Comptroller of the Currency is given power to take possession of any bank doing business in the District of Columbia "for the reasons and in the manner and to the same extent as are provided in the laws of the United States with respect to national banks"; and we said that the words "for the reasons" included insolvency of the bank, impairment of its capital stock, nonmaintenance of its reserve, forfeiture of its franchise, and other grounds which Congress has named as sufficient to authorize taking possession of a national bank. And that the words "in the manner and to the same extent" include the right to appoint a receiver, collect the debts, sell the property, and likewise to take all necessary steps in the liquidation of the affairs of the bank, in-

cluding the enforcement of the personal liability of shareholders where there is such liability. But we also said that there is nothing in the District statute which expressly creates double liability on shareholders in state banks doing business in the District, and we held that we could not read into the local statute the provisions of Rev.St. § 5151,[1] creating such liability in the case of shareholders in a national bank; and we pointed out that Congress, recognizing this omission, had corrected it by an act passed March 4, 1933 (D.C.Code Supp. I, 1933, T. 5, § 300a), imposing double liability on shareholders (whose shares were acquired after March 4, 1933) of every savings bank and every banking institution organized by the laws of a state and doing a banking business in the District of Columbia.

We think the rule announced in the Hamilton-Offutt Case controls in this, and we must, therefore, have recourse to the laws of West Virginia to determine the liability of the stockholder here.

Section 6 of article 11 of the Constitution of West Virginia provides: "The Legislature may provide, by a general banking law, for the creation and organization of banks of issue or circulation, but the stockholders of any bank hereafter authorized by the laws of this State, whether of issue, deposit or discount, shall be personally liable to the creditors thereof, over and above the amount of stock held by them respectively to an amount equal to their respective shares so held, for all its liabilities accruing while they are such stockholders."

The present statute law of West Virginia is contained in section 3138 of the 1932 Code of Laws, and provides that a stockholder of a bank organized under the laws of the state "shall be liable to the creditors of the banking institution, on obligations accruing while he is a shareholder, to an amount equal to the par value of the shares of stock held by him." The statute also provides that the sale of shares of stock shall not affect the right to recover against the vendor for liabilities accruing during ownership.

The Constitution and laws of West Virginia on the subject have been discussed at length by the highest court of that state in a number of cases. See Nimick & Co. v. Mingo Iron Works Co., 25 W.Va. 184; Dunn v. Bank, 74 W.Va. 594, 82 S.E. 758, L.R.A. 1915B, 168; Pyles v. Carney, 85 W. Va. 159, 101 S.E. 174; Heater v. Lloyd, 85 W.Va. 570, 102 S.E. 228; Finnell v. Bane, 93 W.Va. 697, 117 S.E. 549; McClaren v. Anderson, 110 W.Va. 380, 158 S.E. 379; Tabler v. Higginbotham, 110 W.Va. 9, 156 S.E. 751, 753. The last cited case was decided in 1931. It was an action to recover an assessment on bank stock, and the question was whether there was evidence to show that the liabilities accrued during the time the defendant owned the stock. A part of the opinion is as follows:

"The declaration charged that defendant 'owned such shares when the bank became indebted as aforesaid.' It says that the indebtedness, which caused the impairment of the capital stock and closing of the bank, existed on or before the 22d day of June, 1929. There was no evidence at the trial to show when the liabilities of the bank accrued. The Constitution, art. 11, § 6, says that the stockholders 'shall be personally liable to the creditors thereof. over and above the amount of stock held by them respectively to an amount equal to their respective shares so held, for all its liabilities accruing while they are such stockholders.' The statute, chapter 54, § 78a (3), Code, contains the same language. In Heater v. Lloyd, 85 W.Va. 570, 577, 102 S.E. 228; Dunn v. Bank, 74 W. Va. 594, 82 S.E. 758, L.R.A.1915B, 168, and Morrisey v. Williams, 74 W.Va. 636, 82 S.E. 509, L.R.A.1915D, 792, this court held that a stockholder is subject to the double liability only with respect to liabilities incurred by the bank during the time of his ownership of stock. Such is the plain provision of the constitution and statute in pursuance thereof. And in Dunn v. Bank, 74 W.Va. 594, 82 S.E. 758, 760, L.R.A. 1915B, 168, supra, it was held that the liability of a bank to a creditor accrued the instant the debt was contracted, thus construing the phrase in both the Constitution and statute, 'for all liabilities accruing, while they are such stockholders.' It was pointed out by Judge Lynch in the

---

[1] "The stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such associations, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock." Act Dec. 23, 1913, § 23 (12 U.S.C.A. § 63 and note and section 64).

opinion that the authorities varied in their views upon the proper construction of similar provisions, but that there was ample authority for the construction arrived at, citing many. We are not disposed to reverse that decision. The statute of 1929 does not deal with the question under consideration, and in no way contravenes section 6, article 11, Constitution, or attempts to change or modify Code, chapter 54, § 78a (3), or the decision construing the word 'accruing' as found therein.

"It is argued that to require the receiver or commissioner in a suit to enforce the double liability against a stockholder to show when the liabilities of the bank accrued for which the stockholder was liable personally to the extent of the par value of the stock then held by the latter would greatly hamper and inconvenience the commissioner in the speedy settlement of the affairs of the bank, and delay the creditors in realization of their just debts, and entail costs. It must be remembered that the Constitution protects the stockholder from responsibility for liabilities which did not accrue while he was a stockholder. As was said in the Dunn Case: 'That it may, under some circumstances and conditions, operate oppressively, does not afford a sufficient reason for holding contrary to the manifest purpose and plain mandate of the sections cited.' To allow a judgment to stand against a stockholder for double liability, not based on any evidence that he was owner of stock at the time the liability was incurred by the bank (for which only he is liable), would contravene the plain provision of the Constitution cited. The burden rested upon the plaintiff to make out a case for recovery. It was error to instruct the jury to find for plaintiff. The assessment by the commissioner of the full double liability on the stockholders holding stock as of June 22, 1929, was not evidence that the liabilities of the bank which made it insolvent accrued as of that date."

We think this decision of the Supreme Court of Appeals of West Virginia, declaring the law of that state, when read in connection with the rule announced by us in Hamilton v. Offutt, is decisive of the question here. This follows, we think, from the fact that there was, as we have shown, at the time in question no statute in the District of Columbia creating double liability in the case of a stockholder of a foreign bank doing business exclusively in

the District. In the absence of such a statute, the liability of the stockholder is determined by the charter of incorporation and the laws of the state in which the incorporation is had. Morawetz on Corporations (2d Ed.) § 874. In West Virginia, by the terms of the Constitution and by the statute law, there is a contingent liability—a liability dependent upon showing that the debts for which the assessment on the stockholder is made accrued while he was such stockholder.

In this view, the burden is on the receiver to show that the liabilities of the bank which made it insolvent accrued as of the time appellee acquired and owned her stock. The lower court was, therefore, correct in overruling the demurrer to the plea.

Affirmed.