## BERGLING v. WARDELL.

### No. 7525.

United States Court of Appeals for the District of Columbia.

Argued Oct. 8, 1940.

Decided Nov. 4, 1940.

Rehearing Denied Dec. 3, 1940.

E. Hilton Jackson and William E. Richardson, both of Washington, D. C., for appellant.

Brice Clagett and Charles E. Wainwright, both of Washington, D. C., for appellee.

Before GRONER, C. J., and EDGERTON and VINSON, Assoc. JJ.

GRONER, C. J.

In September, 1934, appellee's predecessor, as Receiver of the Seventh Street Savings Bank, began this action against appellant to recover $2,000 with interest on account of a double liability stock assessment made by the Comptroller of the

Currency on July 5, 1934. Appellant had acquired her stock in June, 1930. This is the second appeal. On the first,[1] we had before us a single question, whether the receiver was required to prove that the debts for which the assessment was made accrued during the period of appellant's ownership of the stock. Since the bank was incorporated under the laws of West Virginia even though it operated exclusively in the District of Columbia, we held that the question should be answered in the light of the laws of that state. The West Virginia statute imposed double liability on a bank stockholder "on obligations accruing while he is a shareholder".[2] In accordance with the decisions of the West Virginia court which construed this law, we held that the receiver was entitled to recover only upon a showing that the debts for which the assessment was made accrued while appellant was a stockholder. In the subsequent trial the receiver proved that at the time the bank was closed (March 3, 1933), and at the date of the appointment of the receiver (December 21, 1933), and on the date of the Comptroller's 100 per cent assessment (July 5, 1934), there existed unpaid indebtedness of the bank, accrued while appellant was a stockholder, which exceeded the total par value of the bank's entire outstanding stock.

On this appeal the real and substantial question is whether appellant was entitled to have the assessment apportioned between herself and the prior owners of the same snares or, stated differently, whether there must be a prior apportionment of the indebtedness among the present and former stockholders as a condition precedent to the right of the receiver to enforce liability. No such apportionment had been made.

The question is interesting, and, if it were not, as we think, foreclosed, would afford an opportunity for discussion. But we are bound by the decisions of the Supreme Court of Appeals of West Virginia declaring the law of that state in relation to stockholder's liability in a West Virginia banking corporation, and the question has been decided adversely to appellant in Lawhead v. Davis, 112 W.Va. 13, 163 S.E. 629. Likewise, on the authority of Tabler v. Higginbotham, 110 W.Va. 9, 156 S.E. 751, and Lawhead v. Garlow, 114 W.Va. 175, 171 S.E. 250, we must hold that liability for immediate payment of an assessment precedes application of the remaining assets of the insolvent bank. Hence, the dividends paid to creditors in the interim do not affect appellant's liability. As it now appears, 95 per cent of the principal indebtedness has been paid, and valuable assets remain unliquidated in the receiver's hands. We think it quite proper to add that if a fair computation of the stockholder's ultimate liability can now be made, the receiver should in his discretion exact no more in the settlement of this and other judgments.

Affirmed.

---

[1] Hamilton v. Bergling, 66 App.D.C. 83, 85 F.2d 249.

[2] W.Va.Code (1932), § 3138.