Rose Schoen, Appellant, v. Alex Wallace, Appellee.

Gen. No. 44,111.

Opinion filed April 21, 1948. Rehearing denied May 28, 1948. Released for publication May 28, 1948.

RUTTENBERG & RUTTENBERG, of Chicago, for appellant; DAVID C. RUTTENBERG and MARVIN H. RUTTENBERG, both of Chicago, of counsel.

WEISSENBACH, HARTMAN, CRAIG & OKIN, of Chicago, for appellee; HARRY OKIN and CECIL E. MAGID, both of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

This is an action to recover damages for breach of contract of bailment of a mink fur coat valued at $3,500. Trial by the court resulted in a finding and judgment for plaintiff in the sum of $100. Plaintiff appeals.

The evidence shows that in the fall of 1943, plaintiff purchased a mink coat from defendant, a furrier from whom she had purchased other coats during the preceding fourteen years. On May 3, 1944, she telephoned defendant to "pick up" the coat in question for storage at his place of business. During the course of this telephone conversation plaintiff informed defendant that she had obtained insurance on the coat, whereupon defendant replied "Then I will put a $100 valuation on the coat because it is no use insuring it twice." Defendant was authorized by an insurance company to issue insurance policies on coats brought to his establishment for storage. Shortly after defendant had received the coat from plaintiff he mailed her a "fur storage receipt" which contained a printed provision reading as follows: "It is further understood and agreed that the above valuation placed upon the articles herein mentioned are hereby accepted and

ratified by the owner or owners, and are binding upon them, as well as ourselves, and our liability shall in no event exceed the amount of such valuations in case of any loss or damage, either during the period of storage or in the course of delivery by reason of any cause whatsoever, including our own negligence, and the adjustment for any loss shall be made on the basis of the valuation stated herein." This receipt is addressed to plaintiff and states the valuation of the mink coat to be $100.

The evidence further shows that plaintiff knew it was defendant's custom to give storage for one year on all coats purchased from him and minimum insurance of $100 without charge to plaintiff. She also knew that the charge for additional insurance on the mink coat was one per cent on each $100, and that the charge for the full coverage of the coat in question was $34. In all of the purchases of coats made by plaintiff theretofore, as in the instant case, she had always availed herself of the free storage and minimum insurance.

When plaintiff came to defendant's place of business in the fall of 1944 to get her mink coat she was informed by defendant that it had been lost. According to defendant at the time plaintiff's coat and one other "disappeared" he had about $75,000 worth of coats and skins in his vault. Plaintiff's coat has never been found. She admits having received $3,500 from an insurance company for the loss of the coat here involved.

The court found that at the time of delivery of the coat to defendant by plaintiff it was worth $3,500; that defendant was negligent in the care and storage of the coat; and that there was an agreement between the parties to limit the liability of defendant to $100.

The basic question presented for determination is the validity of the agreement between the parties limiting defendant bailee's liability to $100. The pre-

cise question here involved has not been passed upon by our Supreme Court. Plaintiff maintains that a contract between a bailor and bailee to relieve the bailee of liability for his own negligence or fraud is contrary to public policy, and in support of her contention relies on *Healy v. New York Cent. & H. R. R. Co.*, 153 N. Y. App. Div. 516; *Denver Union Terminal Ry. Co. v. Cullinan*, 72 Colo. 248; *Thompson v. Mobile Light & Ry. Co.*, 211 Ala. 525, 101 So. 177; *Sporsem v. First Nat. Bank*, 133 Wash. 199, 233 Pac. 641, and other cases in foreign jurisdictions.

In the instant case no fraud is alleged in the complaint nor is there any evidence tending to prove defendant guilty of fraudulent conduct. In *Jacobs v. Grossman*, 310 Ill. 247, 250, the court said: "Whatever may be the rights of the parties in a bailment for the mutual benefit of bailor and the bailee, it is unquestionably the law that the parties may increase or diminish these rights by stipulations contained in the contract of bailment." To the same effect is *Krupp v. National Fur Dressing & Dyeing Co.*, 250 Ill. App. 282, and *Shayne v. Krebs*, 55 Ill. App. 238.

Plaintiff argues that if the validity of the agreement in the present case is sustained furriers would be encouraged either to convert garments in their custody to their own use or would be induced to exercise minimum care. Plaintiff did business with the defendant over the years because she "felt he was reliable." She was free to buy a mink coat from any furrier in the city but she chose to do business with the defendant. It was a private transaction in which the public is in no way concerned. Nor is it a matter of public interest whether the loss shall be borne by the plaintiff's insurer or by the defendant. (*Checkley v. Illinois Cent. R. Co.*, 257 Ill. 491; *Bartee Tie Co. v. Jackson*, 281 Ill. 452. While the facts in the cases last cited are dissimilar to those in the case at bar we think the principle emerging from these cases is applicable

here, which permits the parties in a bailment to relieve or limit the bailee's liability for his own negligence.

Obviously when defendant inquired of plaintiff about insurance on her mink coat his sole purpose was to protect her against any loss resulting from theft or fire while the coat was stored in his vault. On the other hand, since plaintiff in the event of a loss was fully covered, she was unwilling to pay an additional charge of $34 for insurance from which not she but only her insurer could benefit. If plaintiff's coat had not been lost she would have reaped the benefit of the agreement for one year's free storage. Therefore it seems to us unjust to permit plaintiff to repudiate the agreement because the coat was lost. (*Adams Express Co. v. Croninger*, 226 U. S. 491.)

Plaintiff contends that the findings of the trial court are against the manifest weight of the evidence. The essential facts are substantially undisputed and from an examination of the record we think all of the findings of the trial court are amply justified.

We have considered the other points urged and the authorities cited in support thereof but in the view we take of the case we deem it unnecessary to discuss them.

*Judgment affirmed.*

KILEY and BURKE, JJ., concur.