**TRAVELERS INDEMNITY CO. et al. v. PURCELL CO.**

Court of Appeals of Kentucky.
Nov. 21, 1951.

918

Allen, Duncan, Duncan & Arnold, Lexington, for appellants.

Harbison, Kessinger, Lisle & Bush, Lexington, for appellee.

MILLIKEN, Justice.

This is an appeal from a judgment denying the Travelers Indemnity Company recovery on a subrogation claim they held against The Purcell Company for the loss of a fur coat which had been placed in storage at Purcell's. The owner of the coat had declared its value at $100 at the time of storage, and had paid a proportionate storage rate therefor. The coat was covered by an insurance policy of its owner with Travelers, and Travelers paid the owner $1,000 for Purcell's loss of the stored coat. The owner also received and accepted a check of Purcell's for $100 which was intended to release the latter of all liability for the loss of the coat.

The storage receipt expressly limited Purcell's liability to $100. On the back of the receipt, Section 4 reads: "The value set opposite each article or articles in this receipt is accepted by the owner placing the goods as the maximum value of such article or articles, and *in no event* shall we be liable for an amount in excess of the value so placed." (Emphasis ours.)

The coat was lost when The Purcell Company in an attempt to accommodate the owner who had requested its shipment to her at New Orleans, apparently misshipped it.

Travelers contends that the limitation of liability does not cover the negligence of Purcell's in the shipment of the garment, but was intended to limit loss or damage to the coat while in storage from moths, fire, theft and water. The gist of their contention is that Purcell's negligence, if any, in attempting to ship the coat to its owner was not covered by the storage contract and that public policy precludes a bailee for hire limiting its liability for negligence or fraud.

It is our opinion that the wording of Section 4 which we have quoted does not exempt Purcell's liability from negligence, but sets the value of the article and thus limits the amount of recovery no matter what the cause of the loss except in the case of fraud. There is no fraud alleged here and no question but that the owner of the coat limited its value to $100 when she stored it. See Central Storage Warehouse Company v. Pickering, 114 Ohio State 76, 151 N.E. 39, 142 A.L.R. 768; Laurens v. Jenney's, Inc., 77 Ohio App. 291, 66 N.E.2d 777; Schoen v. Wallace, 334 Ill.App. 294, 78 N.E.2d 801; Fidelity Storage Co. v. Kingsbury, 64 App.D.C. 208, 76 F.2d 978; Missouri Pacific R. Co. v. Fuqua, 150 Ark. 145, 233 S.W. 926.

This being our conclusion, it is unnecessary for us to pass upon other points raised such as whether the acceptance of Purcell's check for $100 by the owner was a complete release of liability.

The judgment is affirmed.