**UNION STORAGE COMPANY, Inc., a body corporate, Appellant,**

v.

**William PAYTE and Gelene Payte, Appellees.**

**No. 3059.**

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 10, 1962.

Decided Oct. 18, 1962.

Paschal R. La Padula, Washington, D. C., for appellant.

Alexander L. Benton, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant, operator of a warehouse, appeals from a judgment against it in favor of appellees who had placed numerous cartons, packages and household items with it for storage. The items (64 in number) were listed on a nonnegotiable warehouse receipt issued by appellant. Shortly after the goods were returned appellees discovered that a sewing machine and various pieces of clothing were missing. This action was brought for the value of the missing articles.

The only claim of error meriting consideration is appellant's claim that its total liability for the clothing should have been

limited to ten dollars under a limitation clause of the warehouse receipt.[1]

The missing clothing had been in a container listed as Item #41 on the receipt and described thereon as "Large metal wardrobe dented." Appellee husband testified that he packed the wardrobe, locked it, tied a rope around it to make it more secure, and kept the only key to it in his possession. Thus, when Item #41 was received by appellant, appellant had no knowledge of the contents and as no declaration of its value was made, it was the kind of package contemplated by the limitation clause. The only question is the validity of the clause.

The validity of provisions in warehouse receipts limiting the warehouseman's responsibility where valuation is not disclosed, whether viewed as limitations of liability or stipulated valuations, has not received uniform treatment in the courts. In some jurisdictions such provisions have been rejected; in others they have been enforced under certain circumstances. See Anno., 142 A.L.R. 776.

The leading case in this jurisdiction is Fidelity Storage Co. v. Kingsbury, 64 App. D.C. 208, 76 F.2d 978, modified on rehearing on another point, 65 App.D.C. 69, 79 F.2d 705, where it was said: "It is well settled that a bailee may limit his liability for goods deposited with him, except for gross negligence, willful act, or fraud." (64 App.D.C. 210, 76 F.2d 980.) In that case when twenty packages were stored with the warehouseman a valuation of $50 was placed on each package by the owner; and it was held that recovery could not exceed such valuation, the court referring to

the valuation as the warehouseman's "limit of liability."

On the basis of the foregoing authority we have impliedly upheld the validity of a clause in a warehouse receipt limiting liability to a specified amount in the absence of any declared valuation. See Barrett v. Freed, D.C.Mun.App., 35 A.2d 180; Boiseau v. Morrissette, D.C.Mun.App., 78 A.2d 777; Manhattan Storage & Transfer Co. v. Davis, D.C.Mun.App., 117 A.2d 120. The purpose of such a limitation is to agree on a valuation so that the warehouseman's charges may be commensurate with the risk he assumes.

Was there such an agreement in this case? There is no testimony in the record that the limitation clause, written in fine print, was ever called to the attention of the bailors or that they assented to it. It may be argued that by accepting and retaining the receipt appellees assented to its terms and are bound by them even if they did not read them; but we are unwilling to apply that rule to a provision which limits liability to ten dollars per package or carton. In this day and time almost any package of goods worth storing is worth far more than ten dollars. A limitation of ten dollars constitutes more than a limitation of liability; it almost amounts to an elimination of liability and tends to weaken the sense of responsibility on the part of the warehouseman. We will not uphold a provision limiting liability to a nominal amount in the absence of proof that it was brought to the attention of the bailor and assented to by him.

Affirmed.

1. "In accepting this receipt the storer, owner or custodian of the goods and chattels, described in the annexed schedule, fully understands and agrees:

\* \* \* \* \*

"3rd. That trunks, boxes, barrels, bundles, etc., will be received and receipted for as 'Contents Unknown,' and delivered in the same manner and that in the event of loss of any package, bundle, box, trunk, cask, barrel, etc., on storage, and in consideration of reduced rate charged for storing this company shall not be liable for damages for a sum greater than Ten Dollars unless the value of said package, bundle, box, trunk, chest, barrel, etc., be thereupon marked and agreed upon and storage rate paid according to value."