·ANDREWS *v.* BACON *et al.*

(*Circuit Court, D. Massachusetts.* April 26, 1889.)

**1. CORPORATIONS—LIABILITY OF STOCKHOLDERS FOR DEBTS—FORM OF ACTION.**
     The proper form of action to enforce a statutory liability of stockholders for corporate debts is by bill in equity.

**2. SAME—FEDERAL COURTS—STATE STATUTES.**
     Suits in the federal courts to enforce the stockholders' liability, under a state statute, are governed by the state statute of limitations, and the interpretation put upon the statutes by the state courts.

**3. SAME—STATUTE OF LIMITATIONS.**
     Such liability being entirely statutory, and not contractual, the cause of action is not affected by Revision N. J. 594, requiring all actions "founded upon any lending or contract without specialty" to be commenced within six years.

In Equity. On demurrer to bill.
*R. M. Morse, Jr.*, and *A. D. Chandler*, for complainant.
*John R. Bullard*, for defendants.

COLT, J. This is a bill in equity, brought by the receiver of the National Color Printing Company, a corporation organized under the laws of New Jersey, against certain stockholders of the corporation, to enforce a statutory liability for the corporate debts. The defendants have demurred to the bill on three grounds, namely, want of equity, an adequate remedy at law, and the statute of limitations. Under the decisions of the supreme court in *Pollard* v. *Bailey*, 20 Wall. 520, and subsequent cases, I think there can be no doubt that the proper form of action in this case is a bill in equity.

To my mind the only serious question raised by the demurrer is whether the cause of action is not barred by the statute of limitations. The bill alleges that on October 10, 1882, a receiver of the company was appointed by the United States circuit court for the district of New Jersey. The present bill was filed October 20, 1888, or more than six years thereafter. The defendants contend that the cause of action against them accrued at the time of the appointment of a receiver, or upon the insolvency of the corporation, and that, by the statute of New Jersey, suit must have been brought within six years. In reply to this the plaintiff relies mainly on two points: First, that by the decision of the supreme court in *Scovill* v. *Thayer*, 105 U. S. 143, the statute did not begin to run until the liability of the defendants became fixed, or was at least approximately ascertained; and that, under the statute of New Jersey, the liability of the defendants was not fixed, because stockholders are only liable for unpaid subscriptions in a sum required to pay the debts of the company, and, consequently, that no cause of action accrued against them until it was made known to them that the paid capital was insufficient to satisfy the claims of creditors, and that they would be held to make good the deficiency. The facts in the case of *Scovill* v. *Thayer* differ in some important respects from those set out in this bill, and I prefer, therefore, to decide this demurrer upon the second point urged by the plaintiff, which seems to me to be conclusive.

Suits at law or in equity in the circuit court by creditors of a corporation to enforce the liability of stockholders under a state statute are governed by the statute of limitations of the state, and a liability, to be enforceable, must be in compliance with the conditions applicable to it under the legislative acts and judicial decisions of the state which creates the corporation and imposes the liability. *Bank* v. *Francklyn*, 120 U. S. 747, 7 Sup. Ct. Rep. 757. This case, therefore, is governed by the statute of limitations of New Jersey, and the interpretation put upon the statute by the highest court of the state. In *Cowenhoven* v. *Freeholders*, 44 N. J. Law, 232, Chief Justice BEASLEY, following the cases of *Railway* v. *Goode*, 13 C. B. 826, and *Bullard* v. *Bell*, 1 Mason, 243, held that the statutory limitation of six years for the bringing of a suit under the New Jersey statute was not applicable when the entire cause of action

arises out of a statute, the reason being that the action is founded on the statute, and not on contract, and therefore rests upon a specialty. The statute reads: "All actions * * * founded upon any lending or contract without specialty * * * shall be commenced and sued within six years next after the cause of such action shall have accrued, and not after." Revision N. J. 594. The cause of action in the present case being statutory, I think the court should follow the rule of construction laid down in *Cowenhoven* v. *Freeholders*. It follows that this cause of action is not barred by the statute of limitations, and that the demurrer should be overruled. Demurrer overruled.