BRUNSWICK TERMINAL CO. et al. v. NATIONAL BANK OF BALTIMORE.

(Circuit Court, D. Maryland.   July 8, 1898.)

1. CONFLICT OF LAWS—LIMITATION OF ACTIONS.
     Statutes of limitation affect the remedy, and not the substantive right, and are determined by the law of the forum.

2. SAME—CORPORATIONS—STOCKHOLDERS' LIABILITY UNDER LAWS OF ANOTHER STATE.
     The Maryland statute of limitations is pleadable in an action in a federal court in that state, against a citizen thereof, to enforce a liability imposed by a Georgia statute on stockholders in a Georgia bank, when the statute giving the right of action does not itself provide a limitation, and especially when there is no statute of limitations whatever in Georgia applicable to the case.

3. FEDERAL COURTS—FOLLOWING STATE DECISIONS.
     A decision by a state court that every right of action given by a statute is in the nature of a specialty is not, when applied to a particular statute of that state, a construction of that statute which a federal court is bound to follow, but is a ruling upon the question of general law.

**4. LIMITATION OF ACTIONS—LIABILITY OF STOCKHOLDER IN BANK.**

The Maryland statute requiring actions on the case, or actions of debt on simple contracts, to be brought within three years, is applicable to an action to enforce the statutory liability of a stockholder in a bank of another state.

Demurrer to Defendant's Plea of the Maryland Statute of Limitations.

Williams & Williams and Goodyear & Kay, for plaintiffs.

Wm. A. Fisher, James L. McLane, and Allan McLane, for defendant.

MORRIS, District Judge. This is a suit in equity by creditors of the Brunswick State Bank of Georgia, who are citizens of Georgia, against the National Bank of Baltimore, a citizen of Maryland, to enforce a statutory liability imposed by the statute of Georgia upon stockholders in the Brunswick State Bank. The defendant has pleaded the Maryland statute of limitations applicable to actions of assumpsit or on the case, or actions of debt on simple contracts, which requires the suit in such cases to be commenced within three years. The complainants demur to this plea. The questions now before the court are: First, is it the Maryland statute or the Georgia statute of limitations which is applicable to this action? And, second, if the Maryland statute does apply, is this court, in applying the Maryland statute, controlled by the decisions of the supreme court of Georgia holding that the right of action given by the Georgia statute against stockholders is in the nature of a specialty?

First, as to whether the Maryland or the Georgia statute of limitations is applicable: The established rule is that remedies are determined by the law of the forum, and that statutes of limitations are part of the remedy, and are not laws affecting rights. McElmoyle v. Cohen, 13 Pet. 312–327; Bank v. Eldred, 130 U. S. 693–696, 9 Sup. Ct. 690; Telegraph Co. v. Purdy, 162 U. S. 329–339, 16 Sup. Ct. 810; Williard v. Wood, 164 U. S. 502–520, 17 Sup. Ct. 176; Townsend v. Jemison, 9 How. 407; Railway Co. v. Wyler, 158 U. S. 285–289, 15 Sup. Ct. 877. By the general rule, therefore, it is the Maryland statute of limitations which is applicable to this suit, which the complainants have instituted in the district of Maryland. If the contention of the complainants, that the Georgia law of limitations is to be here applied, is sustainable, they must show some recognized exception to the established rule. Counsel for complainants contend that, in suits against stockholders to enforce a statutory liability to the creditors of a corporation, the general laws of limitations of the state creating the corporation are to be applied, no matter in what state the suit is prosecuted; and they rely upon the following cases as supporting this alleged exception to the general rule: Flash v. Conn, 109 U. S. 371–378, 3 Sup. Ct. 263; Bank v. Francklyn, 120 U. S. 747–756, 7 Sup. Ct. 757; Andrews v. Bacon, 38 Fed. 778. It is to be observed that there is no period of limitation prescribed by the Georgia law which makes the stockholders liable to this action. If the statute giving the right to sue limited the duration of the right, undoubtedly the limitation would apply in this jurisdiction,

just as in Georgia. The Harrisburg, 119 U. S. 199–214, 7 Sup. Ct. 140. But not only is there no special limitation put upon this right of action by the Georgia law which gives it, but the supreme court of Georgia has held that there is no clause of the general law of limitations enacted by Georgia which is applicable to this action. In Thornton v. Lane, 11 Ga. 459–502, the supreme court of Georgia, in considering this question, said, "We are clear that a statutory liability is not included within any of the acts of limitation of this state." As there is no limit of time prescribed by the Georgia statute giving the right of action, and no clause of the general statute of limitations of Georgia which is directly applicable, I can see no reason why the Maryland statute applicable to causes of action of the class to which this belongs should not be applied.

The complainants rely upon the language of the opinion of the supreme court in Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757. On page 756, 120 U. S., and page 762, 7 Sup. Ct., the court says:

"Pursuant to these principles, this court has repeatedly held, not only that suits, either in law or in equity, in the circuit court, by creditors of a corporation, to enforce the liability of stockholders under a state statute, are governed by the statute of limitations of the state (Terry v. Tubman, 92 U. S. 156; Carrol v. Green, Id. 509; Terry v. Anderson, 95 U. S. 628), but that the question whether the remedy in the federal court should be by action at law or by suit in equity depends upon the nature of the remedy given by the statutes (Mills v. Scott, 99 U. S. 25; Terry v. Little, 101 U. S. 216; Patterson v. Lynde, 106 U. S. 519, 1 Sup. Ct. 432; Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263)."

The case of Bank v. Francklyn was a suit instituted in New York under a statute of Rhode Island; and the court held that, as the Rhode Island statute required a creditor to obtain a judgment against the corporation before he could proceed at law to charge the stockholder, the plaintiff could not maintain his suit unless he first obtained a judgment against the corporation. The cases of Terry v. Tubman, 92 U. S. 156, Carrol v. Green, Id. 509, and Terry v. Anderson, 95 U. S. 628, were all cases in which the suit was brought in the state creating the corporation; and, in holding that the statute of limitations of that state was applicable, the court was only sustaining the rule that the law of the forum was applicable. In Terry v. Anderson, the supreme court upheld the constitutionality of a statute of Georgia, passed after the right of action had accrued, limiting the time within which the action could be brought to nine months after the passage of the act. This act was passed by Georgia in 1869 because of the distracted condition of affairs in that state arising from the Civil War, and it was held to be justified by the local circumstances which called for its enactment. This case is a full recognition by the supreme court of the United States of the doctrine that the period of limitation of actions is a matter which each sovereignty decides for itself, and varies according to the peculiar environment of its citizens, and their special necessities. As was said by the supreme court in McElmoyle v. Cohen, 13 Pet. 327:

"It would be strange, if, in the now well-understood rights of nations to organize their judicial tribunals according to their notions of policy, it should be conceded to them in every other respect than that of prescribing the time within which suits shall be litigated in their courts."

88 F.—39

In Hawkins v. Barney, 5 Pet. 457–466, it was said:

"Laws limiting the time of bringing suit constitute a part of the lex fori of every country. They are laws of administering justice,—one of the most sacred and important of sovereign rights and duties."

In Campbell v. City of Haverhill, 155 U. S. 610, 15 Sup. Ct. 217, the question was whether the statute of limitation of the several states applied to the actions for infringement of patents brought in the circuit courts of the United States under acts of congress. The supreme court held that the local statutes of limitation were applicable to such actions, and said (155 U. S. 618, 15 Sup. Ct. 220):

"The truth is that statutes of limitations affect the remedy only, and do not impair the right, and that the settled policy of congress has been to permit rights created by its statutes to be enforced in the manner, and subject to the limitations, prescribed by the laws of the several states."

Looking then to the question which the supreme court had before it in Bank v. Francklyn, and to the cases cited by the court in its opinion, it would seem reasonable to conclude that the language used had reference either to cases in which the statute creating the liability prescribed the time within which it might be enforced, or to cases in which, as in all the cases cited in the court's opinion, the suit was brought in a court sitting in the state which created the corporation. The general rule prevails in cases of other statutory rights,—such as the right to sue for death caused by wrongful act. Munos v. Southern Pac., 2 C. C. A. 163, 51 Fed. 188; The Harrisburg, 119 U. S. 214, 7 Sup. Ct. 140; O'Shields v. Railway Co., 83 Ga. 621, 10 S. E. 268; Railroad Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905; Thompson v. Insurance Co., 76 Fed. 892. It would seem that, where foreign laws of limitation have been allowed to be pleaded, they have not been strictly laws of the limitations of actions, but laws specially limiting the time during which some special statutory right was permitted to continue. It is true that in Andrews v. Bacon, 38 Fed. 777, the United States circuit court for the district of Massachusetts, in 1889, held in a similar case to this that the statute of limitations of the state creating the corporation should govern. The facts of that case are not fully reported, and it does not seem to me it should govern in the case in hand.

The plaintiffs further contend that, even if the Maryland statute of limitations is to be applied, the supreme court of Georgia has so construed the Georgia statute giving the right of action against stockholders of banks, and has so defined the nature of the action, that even under the Maryland statute it is not barred under 12 years. The Maryland statute of limitations provides that "actions of assumpsit or on the case, actions of debt on simple contract,   *   *   * shall be commenced within three years," and that "no judgment, recognizance, statute merchant, or of the staple or other specialty whatsoever shall be admitted in evidence after the debt or thing in action shall be above twelve years standing." The supreme court of Georgia has made two rulings with regard to the right of action against stockholders given by the Georgia law,—one general in its character, and the other local. The local ruling is that there is no statute of limitations of the state of Georgia which is directly

applicable to this right of action; and the other ruling, which is matter of general law, is that the right of action given by the statute is in the nature of a specialty. There is nothing peculiar to the Georgia statute with regard to the liability of stockholders which led the supreme court of Georgia to rule that the action was in the nature of a specialty; and it was from the principles of the general law, as interpreted by that court, and held by it to be applicable to actions given by statutes, that the court reached its conclusion. Lane v. Morris, 10 Ga. 162–164; Thornton v. Lane, 11 Ga. 459–502. It was not, therefore, the interpretation of a state statute, but the announcement of a general rule of law, without special reference to the particular statute. It would appear, therefore, that the decision of the supreme court of Georgia that every right of action given by a statute is in the nature of a specialty is not the construction of a statute of that state, which a federal court is bound to follow, but is a ruling upon a question of general law, as to which the decision of the state court is not binding. Burgess v. Seligman, 107 U. S. 33, 2 Sup. Ct. 10; Township v. Talcott, 19 Wall. 666–677. The decision of the supreme court of Georgia, so far as it concerned the statute of limitations, was, in effect, a ruling that by the Georgia statute of limitations there was no statutory limitation as to the actions of this class. The court said (Thornton v. Lane, 11 Ga. 502):

"We are clear that a statutory liability is not included within any of the acts of limitation of this state. It is neither a simple contract, nor a specialty, —for nothing is, but a writing under seal,—but a quasi contract in the nature of a specialty. Being at least as high evidence of indebtedness as any specialty can be, twenty years is the proper bar to actions brought to enforce the obligation it imposes."

Is there any reason why this ruling of the supreme court of Georgia with respect to the Georgia statute of limitations should be followed in Maryland, with respect to the Maryland statute of limitations? In the first place, as matter of general law, the supreme court of the United States has decided that the liability of a stockholder arises from his acceptance of the act creating the corporation, and his implied promise to fulfill its requirements, and that the proper remedy is an action on the case, and that the action is barred by the statute of limitations applicable to actions upon the case. The case of Carrol v. Green, 92 U. S. 509, arose out of the failure of the Exchange Bank of Columbia, in South Carolina; and the suit was based on the South Carolina law, making each stockholder of the bank liable for its debts, in a sum not exceeding twice the amount of his shares. This South Carolina law is, in essentials, similar to the Georgia law on which this suit is based. Four year had elapsed after the statute began to run before the suit was instituted in the circuit court of the United States for the district of South Carolina; and, by the South Carolina statute, actions upon the case and actions of debt grounded upon any lending or contract, without specialty, were barred after four years. The supreme court of the United States held that the liability of stockholders to creditors arose from their acceptance of the act creating the corporation, and their implied promises to fulfill its requirements, and that the proper remedy was

an action on the case, and that, as it was an action without specialty, it was barred in four years. The court said (page 515):

"It is insisted by the learned counsel for the appellees that, while the limitation act of 1712 provided that 'actions of debt upon any lending or contract without specialty' should be brought within four years, it did not limit actions of debt upon specialties, and that the liability here in question, being created by statute, is to be regarded as falling within the latter class. It is said that an obligation to pay money, arising under a statute, is a debt by specialty. In support of this point, Bullard v. Bell, 1 Mason, 243, Fed. Cas. No. 2,121, has been pressed upon our attention. Fully to examine that case would unnecessarily extend this opinion. It was cited in Baker v. Atlas Bank, 9 Metc. (Mass.) 182, and in Corning v. McCullough, 1 N. Y. 58, without effect. We think it is distinguishable from the case in hand in several material points. If it be in conflict with the cases to which we have referred in this connection, we think the results in the latter were controlled by the better reason."

And in Beatty v. Burnes, 8 Cranch, 98, Mr. Justice Story said:

"It is contended that the present suit, being a statute remedy, is not within the purview of the statute of limitations. But we know no difference in this particular between a common-law and statute right. Each must be pursued according to the general rule of law, unless a different rule be prescribed by statute," etc.

It has never been held in Maryland that a statutory right or remedy such as the one here in question is in the nature of a specialty. Norris v. Wrenschall, 36 Md. 492–500. That it has been so held in Georgia is not binding in Maryland.

A quite similar question was before the supreme court in Bank v. Donnally, 8 Pet. 361. That suit was instituted in the circuit court for the district of Virginia upon a promissory note made in Kentucky. By the law of Kentucky, such instruments were placed upon the same footing, and were to be received in all courts, as writings under seal. The court said (page 371):

"The statute of limitations of Virginia provides that 'all actions of debt grounded upon any lending or contract without specialty shall be commenced and sued within five years next after the cause of such action or suit and not after.' This being the language of the act, and confessedly governing the remedy in the courts of Virginia, the bar of five years must apply to all cases of contract which are without specialty, or, in other words, are not founded on some instrument acknowledged as a specialty by the law of that state. The common law being adopted in Virginia, and the word 'specialty' being a term of art of that law, we are led to the consideration whether the present note is deemed, in the common law, to be a specialty. And certainly it is not so deemed. It is not a sealed contract, nor does it fall under any other description of instruments or contracts or acts known in the common law as specialties. The argument does not deny this conclusion, but it endeavors to escape from its force by affirming that the note is a specialty according to the laws of Kentucky, and, if so, that this constitutes a part of its nature and obligation, and it ought everywhere else, upon principles of international jurisprudence, to be deemed of the like validity and effect. * * * But, whatever may be the legislation of a state as to the obligation or remedy on contracts, its acts can have no binding authority beyond its own territorial jurisdiction. Whatever authority they have in other states depends upon principles of international comity, and a sense of justice. The general principle adopted by civilized nations is that the nature, validity, and interpretation of contracts are to be governed by the law of the country where the contracts are made and are to be performed, but the remedies are to be governed by the laws of the country where the suit is brought, or, as it is comperdiously expressed, by the lex fori. No one will pretend that, because an action of covenant will lie in Kentucky on an unsealed contract made in that state, therefore a like

action will lie in another state, where covenant can be brought only on a contract under seal. \* \* \* The remedy in Virginia must be sought within the time and in the mode and according to the descriptive characters of the instrument known to the laws of Virginia, and not by the description and characers of it prescribed by another state. \* \* \* If, then, it were admitted that the promissory note now in controversy were a specialty by the laws of Kentucky, still it would not help the case, unless it were also a specialty and recognized as such by the laws of Virginia; for the laws of the latter must govern.as to the limitation of suits in its own courts, and as to the interpretation of the meaning of,the words used in its own statutes."

I think that the Maryland statute of limitations, requiring actions on the case, or actions of debt on simple contracts, to be brought within three years, is applicable in this case, and that the plaintiffs' demurrer to the defendant's plea of limitations must be overruled.