## MORAN v. HARRISON.
### No. 6838.

United States Court of Appeals for the District of Columbia.

Argued April 8, 1937.

Decided May 3, 1937.

Rehearing Denied June 21, 1937.

D. C. Colladay and Joseph C. McGarraghy, both of Washington, D. C., for appellant.

Harry L. Ryan, Jr., of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, J.

This action was brought in the court below by John F. Moran, receiver of the Departmental Bank, an Arizona corporation doing business exclusively in the District of Columbia. The declaration alleged that Harrison was the owner of 75 shares of the bank's stock; that on July 14, 1932, the Comptroller of the Currency determined that the bank was insolvent and appointed a receiver who took possession of the bank on July 22, 1932; and on October 18, 1932, the Comptroller determined the necessity of an assessment of 100 per cent. of the par value of the stock and directed the receiver to enforce the liability.

It is admitted there was no personal demand on Harrison for payment, but on October 17, 1935, the receiver filed his action for the amount of the assessment. There was a trial below, and judgment was entered for defendant. Three grounds of error are assigned, but we need notice only one of the questions raised, namely— What period of limitations governs the case and was the cause of action barred by lapse of that period?

The receiver contends that the applicable statute of limitations is that of the District of Columbia. The stockholder contends that it is that of Arizona. If the District statute is applicable, the suit was brought in time. If the Arizona statute is applicable, it was not.

The bank, as we have seen, was incorporated under the Arizona laws. At the time of incorporation the Constitution of Arizona (article 14, § 11) provided: "The shareholders or stockholders of every banking or insurance corporation or association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporation or association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares or stock."

The Arizona Constitution is silent as to a time limitation on the exercise of the right to demand and collect the constitutional stockholder liability. The matter was left to general law and to such action as the Legislature might take with reference thereto; and in the revision of the Arizona laws in 1928, effective July 1, 1929,[1] a statute of limitations was enacted in the following words: "The action to enforce such liability shall be commenced within three years after the closing of such bank." Prior thereto the general statutes of Arizona applied, and the Supreme Court of Arizona had held that the time began to run when there was a judicial determination of the fact of insolvency.[2]

We are of opinion that the receiver's cause of action is subject to the Arizona statute of limitations.

In Washington Loan & Trust Co. v. Allman, 63 App.D.C. 116, 70 F.(2d) 282, and in Harper v. Moran, Receiver, 64 App. D.C. 210, 76 F.(2d) 980, we held that in every case in which the double liability of a stockholder is created by charter or law of the state of incorporation, and

---

[1] Revised Code of 1928, § 227.

[2] Cowden v. Williams, 32 Ariz. 407, 259 P. 670, 55 A.L.R. 1059.

the corporation engages in business in the District of Columbia, the liability may be enforced in the District by a receiver appointed by the Comptroller of the Currency in a suit against the stockholder. But in Hamilton v. Offutt, 64 App.D.C. 385, 78 F.(2d) 735, we held that since under the law of Virginia, where the bank in question was chartered, there was no double liability, there could be no recovery against stockholders in the District of Columbia. And in Hamilton v. Bergling, 66 App.D.C. 83, 85 F.(2d) 249, we made clear the theory behind these opinions by holding that where the law of the state of incorporation limited a stockholder's liability to the payment of debts contracted while he held his stock, proof of the existence of this condition as to each stockholder was a prerequisite to recovery. One of the reasons which we gave for this conclusion was that it is fundamental that the liability of a stockholder is determined by the charter of incorporation and the laws of the state in which the incorporation is had. To this we add, as applicable to the present case, that where the statute of the state of incorporation creates liability it may declare the purpose of its creation and fix the duration of its existence; and all parties interested in the right so created will be bound by the limitations attached. And this is true because of the fact that the individual liability of stockholders created by state laws arises wholly out of the law creating it. It does not exist at common law, and the statute which creates it may fix and limit the liability which it has created or it may attach conditions to the exercise of the right. If one of these conditions be a limitation of time, it is binding outside of as well as within the state of incorporation. It will hardly be questioned that this is true if the statute—in this case the Constitution—which creates the liability at the same time creates the limitation, for in such a case obviously the limitation is one upon the right. Young v. Hoage, 67 App.D.C. 150, 90 F.(2d) 395 (decided by this court April 5, 1937). Here, such doubt as arises grows out of the fact that the limitation sought to be enforced is created by a later statute. But we think the same rule applies where the later statute clearly and obviously is directed to the newly created liability. In such case it is just as certainly a limitation upon the right, and just as much a part of the right itself, as where the right and the limitation are embraced in a single statute.

An often cited case typical of those in which the right and the limitation are contained in the same statute is The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 147, 30 L.Ed. 358, an admiralty proceeding to enforce a liability arising under the statute for wrongful death. There Chief Justice Waite said: "The statutes create a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within 12 months, and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. No one will pretend that the suit in Pennsylvania, or the indictment in Massachusetts, could be maintained if brought or found after the expiration of the year, and it would seem to be clear that, if the admiralty adopts the statute as a rule of right to be administered within its own jurisdiction, it must take the right subject to the limitations which have been made a part of its existence."

And a case typical of those in which the limitation is supplied by a subsequent statute, but so directed to the original statute as specifically to qualify the right there created, is Davis v. Mills, 194 U.S. 451, 24 S. Ct. 692, 693, 48 L.Ed. 1067. That was a suit begun in the Second Circuit against citizens of Connecticut to enforce special statutory directors' liability in a Montana corporation. A subsequent Montana statute imposed a three years' limitation. The liability sought to be enforced there, like that sought to be enforced here, had been created by prior law, but it was held by the Supreme Court that the subsequent limitation imposed by the Montana law was valid and controlled in the forum. Justice Holmes, speaking for the Court, said: "The general theory on which an action is maintained upon a cause which accrued in another jurisdiction is that the liability is an obligatio, which, having been attached to the person by the law then having that person within its power, will be treated by other countries as accompanying the person when brought before their courts. But, as the source of the obligation is the foreign law, the defendant, generally speaking, is entitled to the benefit of whatever conditions and limitations the foreign law creates. Slater v. Mexican Nat. R. Co., 194 U.S. 120, 24 S.Ct. 581, 48 L.Ed. 900. It is true that this general proposition is qualified by the fact that the ordinary limitations of actions are treated as law

of procedure, and as belonging to the lex fori, as affecting the remedy only, and not the right. But in cases where it has been possible to escape from that qualification by a reasonable distinction, courts have been willing to treat limitations of time as standing like other limitations, and cutting down the defendant's liability wherever he is sued. The common case is where a statute creates a new liability, and in the same section or in the same act limits the time within which it can be enforced, whether using words of condition or not. The Harrisburg, 119 U.S. 199, 7 S.Ct. 140, 30 L.Ed. 358. But the fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It is merely a ground for saying that the limitation goes to the right created, and accompanies the obligation everywhere. The same conclusion would be reached if the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right." And so it was said in that case that "if the laws of Montana can set the limitation to the domestic suit, it is the least possible stretch to say that they may set it also to a foreign action, even if to that extent an existing right is cut down."

Other cases holding that a suit in either law or equity by creditors of a corporation or by the receiver of a corporation to enforce the statutory double liability of stockholders is governed by the statute of limitations of the state of incorporation are: Fourth National Bank v. Francklyn, 120 U.S. 747, 7 S.Ct. 757, 30 L.Ed. 825; Terry v. Anderson, 95 U.S. 628, 24 L.Ed. 365; Richards v. Carpenter (C.C.A.) 261 F. 724; Brunswick T. Co. v. National Bank (C.C.A.) 99 F. 635, 48 L.R.A. 625; Andrews v. Bacon (C.C.) 38 F. 777. In Terry v. Anderson, which was a suit to enforce the liability of stockholders of a bank, it was argued that a statute of limitations materially reducing the period of limitations in effect when the liability was incurred was unconstitutional, but the Supreme Court held that the Legislature might change the statute whenever it pleased provided reasonable time be given for the commencement of the action before the bar takes effect.

The Supreme Court of Arizona, discussing the provisions of the 1928 Code in Button v. O. S. Stapley Co., 40 Ariz. 79, 9 P.(2d) 1010, 1011, said: "Section 11 of article 14 of the Constitution creates the stockholders' double liability, but it does no more. In other words, it does not prescribe the kind or character of remedy or procedure to be followed to enforce such liability nor when suit shall be brought. These, of course, were left to be prescribed by the Legislature." The opinion then goes on to show that the Legislature in 1922 adopted the language of the Constitution fixing stockholders' liability and providing how such liability should be enforced and that in 1928 the Legislature amended this law, again adopting the precise language of the Constitution and providing a period of limitation of three years. There can be no proper objection urged to this. Stockholders of Peoples Banking Co. v. Sterling, 57 S.Ct. 386, 81 L.Ed. 586 (decided February 1, 1937).

In summary, we believe the foregoing authorities establish conclusively the proposition that the existence and extent of the liability of a stockholder for assessments to pay the debts of a corporation is determined by the law of the state of incorporation.[3] Under the wording of the Arizona statute an action of the kind at hand must be brought within three years after the closing of the bank. And hence we may affirm another proposition which the authorities establish: If by the law of the state which has created a right of action, it is made a condition of the right that it shall expire after a certain period of limitation has elapsed, no action begun after the period has elapsed can be maintained in any jurisdiction.[4] Here the only right which the laws of Arizona gave to creditors of this insolvent bank was a three-year right; and when the three years passed, not the remedy alone, but the right itself was gone, whether the right is sought to be enforced in Arizona or elsewhere. This is the rule supported by reason, and, as the Supreme Court said in Fourth National Bank v. Francklyn, supra, to hold otherwise would be to subject the stockholders out of the state to a greater burden than those within the state.

Affirmed.

3, 4 These statements, respectively, are the substance of the principles announced by the American Law Institute. See Restatement, Conflict of Laws (1934), §§ 185 and 605.