**KEEHN v. RAUCH et al.**

No. 1912.

District Court, D. Maryland.

Nov. 22, 1944.

T. Benjamin Weston, of Baltimore, for plaintiff.

Joseph Sherbow and Roszel C. Thomsen, both of Baltimore, for defendants.

COLEMAN, District Judge.

This case is now before the Court on defendants' motion for a summary judgment of dismissal of the suit on the pleadings, pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The sole question presented for determination by defendants' motion is whether the action is barred by limitations. The jurisdictional prerequisites as to diversity of citizenship and amount involved are satisfied. The suit is brought by the receiver, a citizen of Illinois, of the Central Mutual Insurance Company of Chicago, against the defendants, who are citizens of Maryland.

The plaintiff, receiver, is in charge of the liquidation of the insurance company, which is of the mutual assessment type, all of its policyholders, pursuant to the laws of Illinois under which the company was organized and operated, being members of the company and subject to a contingent liability for assessment of "not less than one or more than ten times the

cash premium expressed in the policy." Upon the failure of the company, the taking over of its affairs by the Director of Insurance for the State of Illinois, and the appointment of the present plaintiff as receiver, the assessment was duly fixed by court action in Illinois in an amount equal to the annual cash premium, and was levied against all holders of policies in the company at any time from January 31, 1935, to January 11, 1937, inclusive. The present defendants were policyholders during that period. The receiver was authorized to collect the assessment by suit if necessary, or otherwise, whereupon a judgment for the levying and collection of the assessment was duly entered in the Circuit Court of Cook County, Illinois. This judgment was affirmed in the Appellate Court of Illinois on January 22, 1942. See People of the State of Illinois ex rel. Palmer v. Central Mutual Insurance Company of Chicago, 313 Ill.App. 84, 39 N. E.2d 400. This judgment of the Illinois court which is the basis for the present suit is, unless barred by limitations, binding upon the present defendants, as to the necessity for and amount of the assessment, even though they were not parties to the proceedings in Illinois in which the judgment was obtained and the levy of the assessment authorized. This was so decided by the Circuit Court of Appeals for this Circuit in Miller v. Barnwell Bros., 137 F.2d 257, in a suit brought in the Middle District of North Carolina by a predecessor receiver of the present plaintiff company to recover the same assessment against a North Carolina policyholder; and more recently in Keehn v. Parrish Dray Line, D.C., 53 F.Supp. 855. The first named decision will be further considered in this opinion.

Defendants' motion for a summary judgment on the pleadings is based upon the ground that they were not notified of any assessment within one year after the respective termination dates of the several policies alleged to have been held by them; and that since the present suit was not filed until more than one year after June 1, 1941, when the Act of 1941, Chapter 296 of the Laws of Maryland, Sec. 155A of Article 48A, Annotated Code of Maryland, 1943 Supplement, took effect, the suit is barred by the limitations of that statute.

The receiver, on the other hand, contends that obligations created by a statute of one State, when sued upon in another State, are subject to the statute of limitations of the State creating the right, and not that of the forum where suit is brought. Accordingly, the receiver asserts that the present case is to be governed by a statute of Illinois, which provides that "* * * all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." See Smith-Hurd Stats. c. 83, § 16, Jones Illinois Statutes Annotated, Vol. 19, chapter 107, sec. 275.

■■ We are satisfied that defendants' contention must prevail and that, therefore, their motion for summary judgment must be granted. The question here is one of conflict of laws. This being true, it must be decided, we believe, according to the established rule that such questions, generally speaking, arising in cases of this kind, are governed by the law of the State of the forum, i. e., of Maryland, in the present case. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

The Maryland statute, sec. 155A of Article 48A of the Annotated Code of Maryland, 1943 Supp., upon which defendants rely, reads as follows: "No action or court proceeding shall be brought against a member or policyholder of a domestic or foreign mutual insurance company, for the purpose of enforcing an assessment, more than one year after the termination of such policy unless the member or policyholder sought to be charged shall have been notified of such assessment within one year after the termination of his policy." In Kelch v. Keehn, Md., 36 A.2d 544, the Court of Appeals of Maryland was called upon to construe this statute in a suit of precisely the same kind as the present one, brought by the same receiver of the same company against one of its policyholders. There, the suit was not instituted until March 19, 1943. The policies terminated in 1935 and 1936. The orders confirming the assessments made on the policies were made on July 1, 1940, and January 23, 1941. Demands were made on the defendant on July 20, 1940, and March 7, 1941. The Maryland statute took effect on June 1, 1941. The Court held that the action was barred by limitations, at the same time, however, giving to the statute a liberal construction by following the rule long in

effect in Maryland, that unless a contrary intent is clearly manifested, a statute of this kind will not be construed as operating retroactively, so as to bar the enforcement of rights existing at the time it was passed, but only prospectively, so that the period prescribed will, as to such rights, begin to run at the time when the statute takes effect. The Court held that the exception with respect to notification to the policyholder of the assessment within one year after the termination of the policies, as provided in the Maryland statute, could not, of course, apply, as such notification was impossible on June 1, 1941, the effective date of the statute. However, the Court did allow one year from the effective date of the statute, namely, until June 1, 1942, for bringing suit. But since the suit was not brought within that time, recovery was barred. Applying this rule to the facts in the present case, since the suit was not instituted until March 19, 1943, it is, likewise, barred.

Counsel for the receiver assert that Kelch v. Keehn, supra, is not applicable to the present case, and claim, as heretofore noted, that the law of Illinois providing for a five year period of limitations controls, and in so doing rely upon the case of Brunswick Terminal Co. v. National Bank, 99 F. 635, 48 L.R.A. 625, a decision of the Circuit Court of Appeals for this Circuit in 1900. In that case, which was before the appellate court on appeal from the Circuit Court of the United States for this District, a statute of limitations of the State of Georgia was involved, which provided that all suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation or by operation of law, shall be brought within twenty years after the right of action accrues. The Court held, in reversing the Circuit Court, 88 F. 607, that this statute and not the statute of limitations in Maryland governed the suit in Maryland, which was against a stockholder in a Georgia corporation to enforce his liability as stockholder created by the corporation's charter, resting its decision on the ground that both the statute creating the particular kind of right, and the statute expressly fixing the period of limitations within which such right might be asserted, were to be treated as parts of one and the same law. We believe that case is clearly to be differentiated from the present case.

The Court, in the Brunswick Terminal Company case, said (99 F. 635, at pages 636–640):

"The single question to be determined in this case is whether the statute of limitations of the state of Maryland or of the state of Georgia applies to the claim sued on. The merits of the case were not touched upon by the decision of the lower court, and it is not the purpose of this court to express any opinion thereon. It is a general rule, too well settled to admit of serious controversy at this late day, that the remedies, as distinguished from the rights of the parties, are determined by the law of the forum, and that the statutes of limitations are part of the remedy, and not of the laws affecting rights. * * * There are, however, exceptions to this rule; one being where a statutory liability is sought to be enforced, and the statute prescribes the period of limitation. In this case the general rule, adopting the statutes of limitations of the forum, is departed from, and the limitation prescribed by the act fixing the liability is applicable. Indeed, this principle was recognized by the learned judge in the court below in his opinion, but he proceeded upon the theory that there was no statute of the state of Georgia fixing the limitation in actions to enforce stockholders' liability. This, it seems, was a mistake, and that there existed such a statute. Code Ga. 1882, § 2916 (Code 1895, § 3766), is as follows: 'All suits for the enforcement of rights accruing to individuals under statutes, acts of incorporation, or by operation of the law, shall be brought within twenty years after the right of action accrues.'

"This statute, in our opinion, governs in this case, and not the Maryland statute. It is exceedingly broad in its terms, and is expressly made applicable to suits for the enforcement of rights accruing to individuals under statutes and acts of incorporation. This statute has been construed by the supreme court of the state of Georgia, and by it held applicable to causes of action arising under acts of incorporation in that state. [Georgia Masonic] Insurance Co. v. Davis, 63 Ga. 471.

\* \* \* \* \* \*

"Counsel for appellee insists that the Georgia act of limitation, above quoted, does not apply, and should not control, in this case, because it is not a part of the act of incorporation of the Brunswick

Bank of Georgia, under which the liability sought to be enforced arises, and that, inasmuch as this act contains no specific clause of limitation, the general acts of limitation of the state of Maryland, and not those of Georgia, apply. We cannot accede to this proposition in this case. While there is force in the contention, and in some cases it would be doubtless correct, it is not, in our opinion, true here. *The statute of limitations of the state of Georgia sought to be applied was not, in its broader sense, the general statute of limitation of the state, as distinguished from a statute contained in the particular enactment; but it was the special statute of limitations of that state, applicable to statutory liabilities, or liabilities arising under acts of incorporation, or by operation of law, in existence at the time and for years previous to the passage of the act of incorporation of the Brunswick Bank, and therefore, must be considered as forming a part of, as read into, the act incorporating the bank, as much so as if it had been formally incorporated therein, and the stockholders and all persons dealing with this bank are presumed to know of its existence, and are bound by its terms.*" (Italics inserted.)

See, to the same effect, Davis v. Mills, 194 U.S. 451, 24 S.Ct. 692, 48 L.Ed. 1067; Moran v. Harrison, 67 App.D.C. 237, 91 F.2d 310, 113 A.L.R. 505, certiorari denied 302 U.S. 740, 58 S.Ct. 142, 82 L.Ed. 572.

We find nothing contrary to the decision here reached in Miller v. Barnwell Bros. Inc., supra. One of the defenses there raised was a one year period of limitations similar to that in the Maryland law, contained in section 60 of the Illinois Insurance Code of 1937, Ill.Rev.Stat.1941, c. 73, sec. 672. But the Circuit Court of Appeals held that since the Illinois court had decided that the assessment against the policyholders was laid under the Illinois Act of July 1, 1925, Laws 1925, p. 446, and not under the Act of 1937, it was required to reject the contention that the action to enforce the assessment was barred by the one year limitation in the later statute. Since the former statute contained no limitation provision, and since, contrary to the situation now before us, there does not appear to have been urged upon the Court, as a bar to recovery in the Miller case, any other limitations statute of Illinois, or any such statute of North Carolina, the conclusion which we here reach is not in conflict with anything said in that case.

For the reasons given, defendants' motion for summary judgment will be granted.