EARLL v. SEARL et al.

No. 1386.

Municipal Court of Appeals
District of Columbia.

Argued Oct. 19, 1953.

Decided Dec. 4, 1953.

H. Max Ammerman, Washington, D. C., for appellant.

Arthur J. Hilland, Washington, D. C., with whom Vincent C. Burke, Jr., Washington, D. C., was on the brief, for appellees.

Before HOOD and QUINN, Associate Judges, and WALSH, Chief Judge, Municipal Court for District of Columbia, sitting by designation.

HOOD, Associate Judge.

This case commenced as an action by Earll for the balance of a $2,000 note given by the Searls to Earll as a commission for securing an $18,000 loan from Mrs. Earll. On a prior appeal we reversed a judgment in Earll's favor. We held that the taking of a $2,000 commission by Earll with the knowledge of his wife, for whom he acted as agent, plus the charging of six per cent interest on the loan, constituted usury. Searl v. Earll, D.C.Mun.App., 62 A.2d 374. We sent the case back for a new trial on the issue of what amount, if any, was recoverable by the Searls on their counterclaim.

At the new trial no additional evidence was offered. On consideration of the transcript of testimony and exhibits on the original trial, the court found for the Searls on their counterclaim in the sum of $3,000. It was definitely established by our prior decision that the transaction was usurious. Hence the only question is whether the Searls are barred from recovery of the unlawful interest paid by them. Our statute, Code. 1951, § 28–2704, permits recovery of all interest paid on a usurious transaction

"provided said suit be begun within one year from the date of such payment." The counterclaim (and Earll's suit also) was filed more than a year after the last payment by the Searls on either the $2,000 note or the $18,000 loan. The point is therefore made that any recovery is barred by the statute.

▮ The trial court ruled that Earll had waived the benefit of the bar of the statute because he "did not offer as a defense the bar of the statute of limitations which being an affirmative defense must be pleaded." The one year limitation here involved is not a general statute of limitations. It is a limitation imposed by the statute which created the right and is a limitation of the right itself. Lewis v. Reconstruction Finance Corporation, 85 U.S.App.D.C. 339, 177 F.2d 654; Moran v. Harrison, 67 App. D.C. 237, 91 F.2d 310, 113 A.L.R. 505, certiorari denied 302 U.S. 740, 58 S.Ct. 142, 82 L.Ed. 572. Lapse of the time limitation not only bars the remedy but destroys the liability. Central Vermont R. Co. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433. Unlike a statute of limitations it need not be pleaded in defense. Carpenter v. United States, 2 Cir., 56 F.2d 828; Morrison v. Baltimore & Ohio R. Co., 40 App.D.C. 391. We therefore hold that the defense of the one year limitation was not waived by failure to plead it. And we do not think, as the trial court apparently thought, that this defense was waived because not presented to the court at the original trial and not argued before us in the prior appeal. At the original trial the main issue was usury or no usury. The trial court there found no usury and consequently never reached the question of defenses to the claim of usury. And the same was true of the prior appeal. We were careful in remanding to say that the trial court should determine what amount, *if any*, was recoverable on the counterclaim.

▮ The Searls argue that the one year limitation was stayed because of fraud on the part of Earll in concealing the name of the actual lender. There are many authorities to the effect that fraud will not toll the limitation period which conditions the right itself, but some of the more recent authorities hold that such a limitation may be extended by fraud to the same extent as a general statute of limitations may be extended. See Scarborough v. Atlantic Coast Line R. Co., 4 Cir., 178 F.2d 253, 15 A.L.R.2d 491, certiorari denied, 339 U.S. 919, 70 S.Ct. 621, 94 L.Ed. 1343, and annotation, 15 A.L.R.2d 500. We need not decide between this conflict of authority because we are convinced that there was no evidence of fraud by Earll which prevented the Searls from ascertaining the facts or which induced them to refrain from filing suit. It is true Earll did not disclose that the lender was his wife, but the Searls knew that the payee of the note was a straw party and that Earll was acting either for a third party or for himself. Mr. Searl, who negotiated the loan for himself and his wife, testified that he assumed the lender was a third party but never inquired as to his identity. At one time he thought Earll's uncle was the lender, but when he made his last payment he decided Earll was the real lender. Of course, if Earll was the lender the transaction was obviously usurious, but Searl made no move to claim usury until Earll sued on the $2,000 note. If Earll was acting as agent for a third party who knew he was charging the commission (and this was the actual case) then, as we have held, the transaction was likewise usurious. But Earll was never asked to disclose the name of the lender or his relation to the lender. We see no evidence of fraud on Earll's part to extend the limitation period, assuming that such period may be extended by fraud.

▮ The Searls also argue that Earll's suit on the note involved the same transaction out of which the usury claim arose, and that the counterclaim ought not to be barred even if it would have been barred if brought in a separate and original action. In support of this contention they cite United States v. Capital Transit Co., D.C.D. C., 108 F.Supp. 348.[1] However, we think

1. Cf. Sullivan v. Hoover, D.C.D.C., 6 F.R.D. 513.

this argument is answered by Hill v. Hawes, 79 U.S.App.D.C. 168, 144 F.2d 511, wherein it was held that there is no limitation on a claim of usury as a defense to an action on the usurious obligation, but that the one year limitation prevents recovery of any excess of the amount necessary to extinguish the obligation. Here, the counterclaim of usury was valid to defeat any recovery by Earll on the note but affirmative relief by way of recovery of payments made was barred by the statute.

■ Finally, the Searls argue that their counterclaim was pitched in the alternative for recovery of usurious interest or secret profits, and that the judgment may be sustained as one for recovery of secret profits. We cannot agree with this argument. The six per cent interest on the $18,000 loan can hardly be called a secret profit and certainly there was nothing secret about the $2,000 note given as a commission. The case as tried and made out was one of usury and not secret profits.

For the reasons stated the judgment is reversed with instructions to enter judgment for the plaintiff on the counterclaim.