**Thomas R. HODGE III, Appellant,**

v.

**SOUTHERN RAILWAY COMPANY,
Appellee.**

**No. 79–806.**

District of Columbia Court of Appeals.

Argued March 19, 1980.

Decided May 22, 1980.

Leslie M. Shulman, Washington, D.C., with whom John C. Hayes, Jr., Washington, D.C., was on briefs, for appellant.

Stephen A. Trimble, Washington, D.C., with whom Richard W. Turner, Washington, D.C., was on brief, for appellee.

Before NEWMAN, Chief Judge, and KELLY and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

Appellant Thomas R. Hodge III, a Tennessee resident, appeals the June 25, 1979 dismissal of his complaint against appellee Southern Railway Company ("Southern"), a corporation whose principal home business office is in the District of Columbia, for personal injuries sustained in Tennessee. He argues that the trial court erred in applying the one-year statute of limitations in the Tennessee Workmen's Compensation Law (Tenn.Code Ann. § 50–914 (1955)),[1]

1. The 1949 Amendment to Tenn.Code Ann. § 50–914 allowed an injured workman to bring

an action against a third party even after he had received workmen's compensation, but

instead of the District of Columbia's three-year limitation period. D.C.Code 1973, § 12–301[8]. We agree and reverse.

Appellant, a grain inspector employed by White Lily Foods Company, slipped and fell from a railroad car during the course of his employment in Knoxville, Tennessee on June 7, 1976. He alleged that his severe injuries were proximately caused by a "bent or defective ladder, handhold or grab iron" on a grain car that appellee had accepted for transport on its line.

Appellant collected medical expenses and partial disability benefits of approximately $7000 from his employer's workmen's compensation carrier, under Tenn.Code Ann. §§ 55–901 et seq., the Tennessee Workmen's Compensation Law. He then filed a complaint in the Superior Court of the District of Columbia on February 16, 1979, alleging that Southern had breached its duty of care as set forth in the Federal Safety Appliance Acts, 45 U.S.C. § 1 et seq. (1976). Southern's motion to dismiss the claim, treated by the court as a motion for summary judgment, was granted on the ground that Hodge was bound by the Tennessee.Workmen's Compensation Law provision that places a one-year statute of limitations on filing suit against third parties.

The only issue before us is whether the law of the forum (the District of Columbia) or the law of the place of injury (Tennessee) determines the statute of limitations for this action.[2]

"According to the established rule, a limitation on the time of suit is procedural and is governed by the law of the forum." Bell v. Kelly Motor Lines, 95 F.Supp. 682, 683 (D.D.C.1951) (quoting Kaplan v. Manhattan Life Insurance Co., 71 App.D.C. 250, 252–53, 109 F.2d 463, 465–66 (1939)). The Kaplan rule has been recently reaffirmed by this court. May Department Stores v. Devercelli, D.C.App., 314 A.2d 767, 773 (1973); see Restatement (Second) of Conflict of Laws § 142 (1971).

Appellee concedes that the law of the District of Columbia would normally determine the limitation period in a tort action, but contends that Moran v. Harrison, 67 App.D.C. 237, 91 F.2d 310 (1937),[3] dictates an exception here, ostensibly because Tennessee statutorily "created" appellant's cause of action.

However, the Moran exception is inapposite here: appellant's basis for recovery against Southern is simply a traditional common law negligence claim, a cause of action which considerably antedated the enactment of Tennessee's Workmen's Compensation Law in 1919, and was neither eradicated nor reinstated subsequently in Tennessee by the Workmen's Compensation Law.

As the Tennessee Supreme Court recently stated, "It is apparent beyond dispute that the legislature enacted Tenn.Code Ann. § 50–914 in order to allow an injured workman to recover the benefits under the Workmen's Compensation Law and also to

---

stated, in pertinent part, that: "Such action against such other person by the injured workmen, . . . must be instituted in all cases within one (1) year from the date of injury. Failure . . . to bring such action within said one (1) year period shall operate as an assignment to the employer . . . [who] may enforce same in his own name . . . [and] shall have six (6) months after such assignment within which to commence such suit."

We note that the general statute of limitations for personal injury torts in Tennessee, Tenn.Code Ann. § 28–304, is also one year. Tennessee also bars actions which would have been barred by the statute of limitations in the jurisdiction where the action arose. Tenn.Code Ann. § 28–114.

Rather than create a new cause of action, the 1949 Amendment permitted dual recovery (subject to the employer's right to subrogation), under the Workmen's Compensation Act and also via an "action against such other person as against whom there was a legal remedy." Compiler's Notes to 1949 Amendment, 1949 Tenn.Pub.Acts, ch. 277 (emphasis added).

2. Appellee never raised the issue of forum non conveniens.

3. Moran stands for a venerable proposition: "If . . . the law of the State which has created a right of action . . . [states] that it shall expire after a certain period of limitations has elapsed, no action begun [afterwards] can be maintained in any jurisdiction." Id. at 240, 91 F.2d at 313. See Restatement, supra at § 143.

pursue his *common law rights."* *Dobbins v. Terrazzo Machine & Supply Co.,* 479 S.W.2d 806, 809 (Tenn.1972) (emphasis added).

Even before the Tennessee law was amended in 1949 to restore a workman's right to *recover* against both his employer's workmen's compensation carrier and a third party, it had allowed a workman to *bring* an action at law against a third person. The Workmen's Compensation Act, 1919 Tenn.Pub.Acts, ch. 123, § 14, provided: "The injured employe may at his option either claim compensation or proceed at law against such other person to recover damages, or proceed against both the employer and other such person, but he shall not be entitled to collect from both."

"The purpose of the [law] was to prevent the injured employee from receiving double compensation for his injury." *Wilson v. City of Chattanooga,* 179 Tenn. 234, 238, 165 S.W.2d 373, 374 (1942); *Elkins Construction Co. v. Naill Brothers,* 168 Tenn. 165, 166, 76 S.W.2d 326, 327 (1934); *City of Nashville v. Latham,* 160 Tenn. 581, 583, 28 S.W.2d 46, 48 (1930). The Tennessee Supreme Court explicitly stated, as early as 1921, that the Workmen's Compensation Law "nowhere undertakes to deny or abridge the employee's *common law right of action* against a third person . . . ." *Bristol Telephone Co. v. Weaver,* 146 Tenn. 511, 524, 243 S.W. 299, 302 (1921) (emphasis added).

Since an injured workman's common law action against a third party both preceded and survived the 1919 enactment of the Tennessee Workmen's Compensation Act, it would be illogical to conclude, as appellee does, that the legislature performed the redundant act of "creating," or recreating, that right of action in 1949.

Having concluded that appellee's common law right to bring a personal tort action against a person other than his employer was neither extinguished nor created by the Tennessee Workmen's Compensation Statute, we hold that *Moran v. Harrison, supra,* is inapplicable and that the law of the forum, the District of Columbia, and not that of the locus of the injury, governs the stat-

ute of limitations. *Bell v. Kelly Motor Lines, supra.*

*Reversed.*