**Barbara M. HIGGINS, Plaintiff,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Defendant.**

Civ. A. No. 80–1680.

United States District Court,
District of Columbia.

Feb. 27, 1981.

Gary R. Sheehan, Fairfax, Va., for plaintiff.

Curtis E. von Kann, Vincent H. Cohen, Washington, D. C., for defendant.

## MEMORANDUM

GESELL, District Judge.

Ever since this wrongful death case began, the parties have been enmeshed in procedural battles totally divorced from the merits of the case. Indeed, new courses of action have been urged on the Court even before previous motions were fully resolved. Matters have been further clouded by the recent opinion of the United States Court of Appeals for the District of Columbia Circuit in *Steorts v. American Airlines, Inc.*, No. 79–1215 (D.C.Cir., filed Feb. 19, 1981), which bears on the statute of limitations defense raised in defendant's answer. Now, however, the pending procedural issues have been fully briefed and are ripe for decision.

The facts of the case are rather simple. The deceased was a resident of Virginia and died in Virginia while alighting from one of defendant's buses. The plaintiff, also a Virginia resident, is the widow of the deceased. She was appointed an ancillary administratrix by the Superior Court of the District of Columbia, and brought this suit under the Virginia wrongful death statute, Va.Code Ann. §§ 8.01–50, 8.01–244 (1977).

The motions pending before this Court present a more complicated scenario. Defendant initially moved to have the complaint dismissed on the ground that the plaintiff is not the proper party to maintain this action. That motion was opposed by plaintiff. In a reply brief, defendant repeated its argument concerning plaintiff's capacity to bring suit, but also moved in the alternative for transfer of the case to the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404 (1976). Subsequently, plaintiff also opposed this transfer motion.

While these motions were under advisement, the Court of Appeals issued its opinion in *Steorts*. In that decision, the Court of Appeals stated, in rather broad language, that in a negligence action which was based on an accident that occurred in Virginia but which was brought in the District of Columbia, the District of Columbia statute of limitations should be applied rather than the Virginia statute of limitations. If the same rule were found applicable in the case now before the Court, plaintiff would be barred, because the suit was filed after the one-year statute of limitations for wrongful death actions under the District of Columbia wrongful death act, although it was brought within the two-year time period contained in the Virginia wrongful death statute.

Because it appeared that *Steorts* might be highly relevant to this case, the Court conferred with counsel and brought the case to their attention one day after the decision was rendered. Based on their reading of *Steorts*, the parties altered the positions they previously had taken in this court. Defendant contended that the rule adopted in *Steorts* was applicable in this case and thus moved, additionally, to dis-

miss the complaint on the ground that it is barred by the statute of limitations. Plaintiff, although arguing that *Steorts* is not applicable here, nonetheless reversed her previous opposition to transfer and moved to transfer the case to the Eastern District of Virginia under 28 U.S.C. § 1404 (1976), or, in the alternative, under 28 U.S.C. § 1406 (1976).

■ The first issue that must be decided is whether this case is barred by the statute of limitations. Although the matter is far from simple, the Court finds that this case is not barred because the one-year limitation under the District of Columbia wrongful death statute, *see* D.C.Code §§ 16–2701 & 16–2702 (1973), is simply inapplicable to this case. By its own terms, the statute is limited to cases for which there is "an injury done or happening within the limits of the District." *Id.* § 16–2701. The accident here occurred in Virginia. The statute does not cover the conduct at issue here and thus plaintiff cannot be bound by its one-year limitation.

This does not mean that there is *no* statute of limitations on a wrongful death claim brought in the District of Columbia under the statute of another jurisdiction. Although there is no express provision for suits relating to deaths outside the District caused by injury outside the District, D.C. Code § 12–301 (1973), establishes a three-year period for any action "for which a limitation is not otherwise specifically prescribed." The issue has not been resolved by the District of Columbia Court of Appeals, which must have the final word, but it would appear that this three-year period would apply here, and, under *Steorts*, would bar a claim brought in this court under the wrongful death statute of another jurisdiction even if the relevant statute had a longer time period.

■ Significantly, suit also would be barred by any *shorter* time period contained in the wrongful death statute sued upon. Wrongful death actions are purely statutory rights of action, and therefore the time limitation established within the statute is an integral part of the substantive right.

An action could not be brought in this Court under the Virginia statute more than two years after the death occurred because the substantive right would expire after the two years. *Cf. Continental Casualty Co. v. The Benny Skou*, 200 F.2d 246, 248 (4th Cir. 1952), *cert. denied*, 345 U.S. 992, 73 S.Ct. 1129, 97 L.Ed. 1400 (1953); *Strother v. District of Columbia*, 372 A.2d 1291, 1297 n. 13 (D.C.1977); *Hodge v. Southern Railway Co.*, 415 A.2d 543, 544 (D.C.1980). This case was brought within the two-year period established by the Virginia law, however, and thus that substantive limitation is not a bar. In sum, the one-year limitation in the District of Columbia wrongful death statute is inapplicable, and plaintiff's complaint was filed prior to the running of the respective two-year and three-year limitations. It is not barred as untimely filed. *Cf. Lewis v. Reconstruction Finance Corp.*, 177 F.2d 654 (D.C.Cir.1949).

There remain to be considered defendant's motion to dismiss the complaint on the ground that the plaintiff is not a proper party to maintain this action, and the motions by both parties to transfer.

The motion to dismiss presents a thorny, and somewhat novel, issue of Virginia law. Under the Virginia wrongful death statute, an action is to be brought by the "personal representative" of the deceased, Va.Code Ann. § 8.01–50(B) (1977), and the personal representative is defined to include, among others, the executor or administrator of the estate, Va.Code Ann. § 1–13.21 (1979). The decedent's will names the First American Bank of Virginia as the executor of the estate, and the bank has been acting in that capacity. Thus, defendant concludes, it is the bank that must bring this action and the plaintiff is not the proper party.

Plaintiff, although not the executor of the will, has obtained appointment by the Superior Court of the District of Columbia as an ancillary administratrix of the estate of her late husband. The petition for plaintiff's appointment was supported by the First American Bank, which stated that the bank "has no interest in the lawsuit for the wrongful death of decedent since any judg-

ment, settlement or other recovery is not a part of the Estate of the decedent." Furthermore, plaintiff notes, the Virginia statute includes an administrator with the will annexed—that is, an ancillary administratrix—as among those who can be a "personal representative" under § 1–13.21.

The Court is inclined to believe that plaintiff would qualify as a proper party under Virginia law; the inferences to the contrary that defendant urges this Court to consider appear too strained. There are clear precedents permitting personal representatives qualified in states other than Virginia to maintain suits under the Virginia wrongful death statute in courts outside Virginia. To infer the restriction that defendant urges would require this Court to find, on the facts of this case, that Virginia intended to bar one of its own citizens, suing on her own behalf and on behalf of minor children who also are Virginia citizens, from bringing suit under Virginia law simply because another Virginia resident—with no interest in the action—could have brought the suit.*

 Nonetheless, the Court finds it advisable not to make a final ruling on this issue, and, instead, to order that the case be transferred under 28 U.S.C. § 1404 (1976) to the United States District Court for the Eastern District of Virginia. Both parties now have indicated that a transfer under § 1404 would be appropriate. As stated before, the plaintiff is a Virginia resident, the deceased was a Virginia resident, the death occurred in Virginia, Virginia law applies, and most, if not all, of the witnesses reside in Virginia. Furthermore, if the case is not transferred then this Court must decide the issue of plaintiff's capacity to bring suit under the Virginia law, a question which a court sitting in Virginia is much better able to resolve. Under all these circumstances, the Court finds that a transfer would serve both the convenience of the parties and witnesses, and would be in the interests of justice.

One final consideration in this case should be noted. The statute establishing the Washington Metropolitan Area Transit Authority, defendant here, permits it to be sued in the federal court sitting in Virginia as well as in the state court. Thus plaintiff could have sued defendant in federal court in Virginia at the outset and there was no need to come into this jurisdiction, on diversity grounds, in order to have a federal court forum. Under these circumstances, diversity jurisdiction is unnecessary, and, indeed, the rationale for such jurisdiction disappears. For a plaintiff to invoke diversity and come into this federal court, rather than utilize the federal court where the parties are located and where the cause of action arose, smacks of the worst kind of forum shopping. The Court will look with great suspicion on such actions in the future.

An appropriate Order accompanies this Memorandum.

---

* In addition, plaintiff has indicated in her papers that she could have qualified initially as an ancillary administratrix in Virginia as well as in the District of Columbia. Defendant has not directly refuted this claim. It is notable that plaintiff could eliminate the issue of her capacity to bring suit by having the executor of the estate join as a plaintiff, but that is a decision to be made by plaintiff.